## Stephens v. Schadler, et al.

(Decided January 21, 1919.)

### Appeal from Kenton Circuit Court.

1. Torts—Joint and Several Liability.—If two, or more, persons unite or co-operate with each other in doing another a wrong, or do it under circumstances, which will fairly charge them with intending the consequences of it, each is guilty of the wrong, and liable for the consequences of it, and the one sustaining damages, may sue them, jointly, or may proceed against one of them, separately.

2. Torts—Trespass—Misjoinder—Motion to Elect.—If a petition charge two or more persons with trespasses, which are not joint, and the misjoinder appears upon the face of the pleading, a motion should be sustained to require an election, before answer, but, if the misjoinder does not appear upon the face of the petition, the motion to elect, may be made upon the trial, as soon as the misjoinder appears.

3. Torts—Trespass—Joint Trespass.—Where two or more defendants are charged, jointly, with a trespass, and the evidence fails to connect one or more of them with the trespass, it has no other effect, than to discharge the ones, not shown to be connected with the trespass.

4. Torts—Trespass—Joint Trespass.—A joint trespass, is where two or more persons unite in committing it, or where one or more, actually commit the tort, and others command, encourage or direct it.

5. Animals—Owners of Dogs Jointly Liable for Injury.—Where dogs, which belong to different owners, commit a joint injury, the owner of each of the dogs, is liable for the damages, and they may be proceeded against, jointly.

6. Torts—Trespass—Pleading—Evidence.—A plaintiff can not give evidence concerning any more trespasses, than are stated in the petition, and the general rule is, that each cause of action must be set out in a separate paragraph, but, if the trespass is continuous, and continued from day to day and is so stated, it may be treated as one trespass, or the petition may charge the commission of a number of trespasses, of the same character, as having been committed between two stated days, in the same paragraph, and may, then, make proof of each of them, as if stated in a distinct paragraph.

TOMLIN & VEST for appellant.

JOHN B. O'NEAL for appellees.

OPINION OF THE COURT BY JUDGE HURT—Reversing.

This action was instituted by the appellant, Stephens, whom we will call the plaintiff, against the appellees, Joseph Schadler, and Ed Casson, whom we will call the defendants, to recover damages, suffered by the plaintiff, on account of trespasses, committed by the dogs of the defendants, against the plaintiff's sheep, growing tobacco, grass and alfalfa, and in his petition and amended petition, is, also, included a count for damages suffered by him, for loss of time, which he was compelled to lose in driving the dogs, from his premises, in attempts to protect his property. Motions were made by the defendants, to require the plaintiff to set out his causes of action more certainly and definitely. These motions were sustained, and in an endeavor to comply with the rulings of the court, the plaintiff filed two amended petitions. The defendants, then moved the court to require the plaintiff to elect against which of the defendants, he would prosecute the action, and over his objection, the motion was sustained. The defendants, then moved the court to require the plaintiff, as is stated in the record, "to separate, paragraph and number his petition & state separate cause of action." This motion was, also, sustained. The plaintiff declined to further amend his petition, whereupon on the motion of the defendants, the court adjudged, that his petition be dismissed. From the judgment, the plaintiff has appealed and the soundness of the rulings of the court, with reference to the two motions, will be considered, respectively, in the order, in which they were made.

(1) It is presumed, that the motion to require the plaintiff to elect as against which defendant, he would prosecute his action, was sustained by the court, upon the ground, that the petition and its amendments showed upon their face, that the different trespasses complained of, were not the joint trespasses of the defendants, but showed the commission of the trespasses, as independent acts, by one or the other of the defendants, without any concert of action or unity of design with the other defendant, or in other words, that the tort of each defedant was a several and distinct one, from the torts of the other defendant. It goes, without question, that a plaintiff can not, in the same action, prosecute two or more defendants, for distinct torts, which were committed by the different defendants, independently of, and not in connection with each other, although the consequences of the tort, which was committed by one defendant, united with the consequences of the torts, which were committed by the other, because in such state of case the one defendant can not be made liable for the consequences of the tort of the other. A joint trespass, is where two or more persons unite in committing it, or where some, actually, commit the tort, and the others command, encourage or direct it. Ferguson v. Terry, 1 B. M. 96. If a tort is not a joint one, and it so appears upon the petition, a motion to elect against which defendant the action will be prosecuted, should be sustained, but, if upon the face of the petition, the tort appears to be the joint act of the defendants, a motion to elect, should not prevail, and upon the trial, the question as to whether one or more of the defendants were parties to the tort, is to be determined as any other issue in the case, and the failure to connect, with evidence, all the defendants with the commission of the tort has no other effect, than the discharge of the ones against whom the guilt of its commission is not shown. If a misjoinder arises, from suing two or more defendants for separate and distinct torts, committed by them, without connection with each other, a motion to elect, should prevail, if the misjoinder appears on the face of the petition, as provided by section 85, of Civil Code, but, if it does not appear on the petition, a motion to elect, may be made, as soon as the misjoinder appears, in the trial. Ferguson v. Terry, supra; Clay v. Sandifer, 12 B. M. 334; Alexander v. Reed, 3 Mon. 246. In the instance of a misjoinder, the failure of plaintiff,

upon requirement, to elect which cause of action he will prosecute, does not authorize the court to dismiss the action, but, the court must strike out one of the causes of action, and if the plaintiff still refuses to proceed, the court may, then, dismiss the action, without prejudice to a future action. Civil Code, sec. 85; Sheppard v. Stephens, 8 R. 603; Hilton v. Hilton, 110 Ky. 523; Bannon v. Bannon, 136 Ky. 556.

There is, however, no doctrine of the law more firmly established, than if two or more persons unite or co-operate with each other, in committing an act, which is a wrong to another, or do it under circumstances, which will fairly charge them with intending the consequences of it, each of them is guilty of the wrong, and liable for the consequences of it, for all engaged in the tort., Bonte v. Pastel, et al., 109 Ky. 64. For such joint tort, the injured party, may maintain an action against all the wrongdoers, jointly, or he may sue one separately. Buckles v. Lambert. 4 Met. 333.

Section 68 Ky. Stats. provides: ''Every person owning, having or keeping any dogs, shall be liable to the party injured for all damages done by such dog. . . .''

Subsection' 5 of section 68a Ky. Stats. provides: ''Every person owning or harboring a dog, shall be liable to the party injured, for all damages done by such dog: . . .'' Hence, both the owner and the harborer of a dog is liable for compensatory damages, for all injuries, to another inflicted by such dog, regardless of whether the dog be of a vicious nature, or the knowledge of the owner or harborer of his nature. Faulkner v. Hall, 153 Ky. 416; Bush v. Wathen, 104 Ky. 548; Myers v. Zall, 27 R. 167; Koestel v. Cunningham, 97 Ky. 421. The trespasses committed by the dog, are to be treated as the trespasses of the one, who owns or harbors the dog. The petition and amendments allege, that, while certain of the dogs, which committed the alleged trespasses, were owned by the defendant, Casson, and others of them were owned by the defendant, Schadler, who, also, harbored all of the dogs, the trespasses were committed, jointly, by the dogs owned by both defendants; that, in committing the trespasses, the dogs of both defendants, were together and unitedly and in co-operation with each other, did the acts complained of. Each of the defendants, was therefore, liable for the damages done by his co-defendant's dogs, as well as the damages done by his own dogs.

A rule different from this, would make it impossible for one, injured by a trespass of dogs, by different owners, to secure damages therefor, as in every case, it would be practically impossible to determine, which particular dog, did the injury, or to what extent, the dog of a particular owner contributed to the doing of the injury. The order of the court, requiring the plaintiff to elect against which defendant, he would prosecute his suit, was therefore error.

(2)    The order of the court, which required the plaintiff, ''to separate, paragraph and number his petition & state separate cause of action,'' was, as we presume, intended to be an order to require the plaintiff to set out each of the different causes of action relied upon, in a separate paragraph and to number same.    Section 113, subsections 2 and 3, of Civil Code, provide, that a pleading may contain a statement of as many causes of action, as there may be grounds for in behalf of the pleader, and if there is more than one cause of action stated, each must be stated in separate, numbered paragraphs, and that it is the duty of the court to enforce these provisions; and for that purpose, may dismiss the action, without prejudice, or strike a pleading from the record of the case, or allow a new pleading.    In the instant case, the court dismissed the petition, but failed to do so, without prejudice to a future action.    To determine whether the court should have, in the instant case, ordered a dismissal of plaintiff's action, upon his refusal to further amend his petition, and to set out his causes of action, in additional paragraphs, it is necessary to consider the statements of his causes of action.    The grounds of his action, as appeared from the petition as amended, consisted of three classes of injuries, suffered by him, on account of the trespasses by the dogs of defendants; (1) injuries to his sheep; (2) injuries to his crops, and (3) loss of time, suffered in driving away the dogs, and protecting his cattle from them.    The causes of action, on account of injuries to the sheep, caused by the dogs coming upon the plaintiff's premises and frightening and chasing the sheep, and thereby, causing ewes to abort and lose the unborn lambs; crippling the ewes and lambs; frightening the ewes away from newly born lambs, and, thereby, causing the deaths of the lambs; chasing and causing to become overheated, newly docked lambs, and, thereby, causing them to lose blood and retarding their growth,

are each fully and specifically set out, in seven separate, numbered paragraphs, stating the times and circumstances of the injuries and the damages suffered in each instance. There could be no basis for an order, requiring any further separation of the causes of action, growing out of the above enumerated injuries.

In another paragraph, it is alleged, that the dogs of the defendants had entered upon the lands of the plaintiff, frcm one to three times, each week, during the preceding five years, and had, by their conduct and actions, frightened the plaintiff's sheep, upon each of these occasions, causing them to run, and by their fear of the dogs, were driven from the shade in the summer, and from the shelter of the barns, in the winter, and were, thus, exposed to the heat of the sun, which together with their exertions in running, caused them to become overheated, in summer, and to expose themselves to the cold and rains in winter, and were, thereby, also, driven from feeding in the pastures, because of the presence and actions of the dogs, and that these continued aggressions of the dogs, from day to day, kept the sheep in a frightened and excited condition, and caused the ewes to fail to conceive and bear lambs, in which the chief value of maintaining sheep consists, and from these repeated trespasses, the sheep were injured in their growth, flesh and condition, and the damages resulting, were laid at a gross sum. The plaintiff alleges, that he is unable to state the facts, with any greater detail, and this seems apparent. Strictly, each occasion, upon which the dogs entered and frightened the sheep, was a separate trespass, and if injury resulted, the damages could be recovered for it, but, it is apparent that the damages for one trespass toward effecting the results alleged, would be infinitesimal, and impossible of ascertainment, but, this should not deprive the plaintiff of relief, if the injuries, which resulted from the frequently recurring trespasses, as a final result, produced the results complained of. With this view, the divers trespasses would necessarily have to be considered as one continuing trespass, and constituting but one cause of action. The chief reason, for requiring that each distinct cause of action, be set out in a separate paragraph, is to apprise the defendant of what he is called upon to answer and the nature and extent of the evidence, which may be, adduced against him. Grissom v. Gillon, 3 Mon. 217. The allegations of the para-

graph amply meet this requirement. Further, in Green-
leaf, vol. 11, sec. 229, it is said: "Originally every declar-
ation in trespass, seems to have been confined to a sin-
gle act of trespass; and if it was continuous in its nature,
it might be so laid, in which case it was considered as one
act of trespass. Subsequently, to save the inconven-
ience of distinct counts for each tortious act, the plaintiff
was permitted to consolidate, into one count, the charge
of trespasses done on divers days, between two days
specifically mentioned in which case, it is considered as if
it were a distinct count for every different trespass. In
the proof of such a declaration, the plaintiff may give evi-
dence of any number of trespasses, within the time spec-
ified." Substantially, the same rule is found, in 38 Cyc.
1083. The general rule obtaining at the common law, was
the same, as provided by section 113, subsection 3, Civil
Code. Under the common law, as a general rule the
plaintiff was not allowed to give evidence of more tres-
passes, than were stated in the petition, and each day's
trespass upon real estate, was a separate cause of action.
Since the enactment of section 113, *supra*, the rule pre-
vailing, in regard to trespasses upon real estate, is thus
stated in Newman on Pleading and Practice, vol. 1, 425:
"In an action for an injury done to real estate, where the
trespasses are continued, it will be sufficient to allege in
the same paragraph, that the trespasses were continued,
from day to day, or committed on divers days between
two stated periods, notwithstanding the Code, requires
each cause of action to be stated in a distinct paragraph."
Where, however, the trespass, whether upon real or per-
sonal estate, or upon the person, is one of a nature, which
can not be continued, it must be stated in a separate par-
agraph. It is impossible to discern, why the rule appli-
cable to trespasses upon real estate, should not apply, in
the instant case, where the trespasses are, if not substan-
tially continued, of the same kind, by the same persons,
against the same person, and upon the same property.
The statements of the second and third paragraphs of
the second amended petition, fall under the same rule.
The character of damages sought in the fifth paragraph
for the mental distress of plaintiff, are not recoverable,
and the sixth paragraph of the second amended petition,
is but a recapitulation of the averments of the preceding
part of the pleadings, and might be properly struck out
as redundant, and as to whether certain of the causes of

action are capable of proof of such tangible character, as to justify a submission to the jury, are questions to be determined upon the trial.

The judgment is therefore reversed, and cause remanded for proceedings consistent with this opinion.