EUGENE G. SHAW, ADMINISTRATOR OF THE ESTATE OF PAUL V. STILES, DECEASED, v. L. F. BARNARD, T/A GATE CITY TRANSIT LINE, J. R. JONES. ATLANTIC GREYHOUND CORPORATION AND T. A. HUDSON, SR.

(Filed 7 January, 1949.)

**1. Pleadings § 2—**

A single action in tort for negligence may be maintained against two or more defendants only when the plaintiff relies on the doctrine of *respondeat superior* or the defendants are joint tort-feasors.

**2. Torts § 4—**

In order for parties to be joint tort-feasors they must either act together in committing the wrong or their tortious acts must unite in causing a single injury.

**3. Same—**

Plaintiff alleged that his intestate, while drunk, was wrongfully ejected from a bus by one carrier and that shortly thereafter, while attempting to cross the heavily traveled street, he was run over and fatally injured through the negligent operation of a bus of another carrier. *Held:* The complaint does not state a cause of action against the parties as joint tort-feasors.

**4. Pleadings § 19b—**

If a complaint states separate causes of action in tort against each of two groups of defendants and not a joint tort, dismissal upon demurrer for misjoinder of parties and causes is proper, since severance is not permissible and the defect is fatal.

**5. Carriers § 20—**

The complaint alleged that plaintiff's intestate, while in a drunken condition, was wrongfully ejected from defendant's bus at a place where the driver should have known that he would have to cross a heavily traveled street, that after he had alighted and walked some distance he attempted

to cross the street and was struck by the negligently operated bus of the other defendant. *Held:* Conceding that the ejection was wrongful, intestate was afforded a safe landing and his subsequent injuries through the negligent operation of the other bus did not flow from the wrongful ejectment, and no cause of action is stated against the original carrier or its driver.

**6. Negligence §§ 7, 9—**

Foreseeability is an essential element of proximate cause and a party is not under duty to anticipate intervening independent negligence on the part of others.

**7. Same—**

The complaint alleged that intestate, while in a drunken condition, was wrongfully ejected from one bus and that shortly thereafter he was run over while attempting to cross the heavily traveled street as the result of the negligent operation of a bus of another carrier. *Held:* The driver of the original bus was not under duty to anticipate the intervening independent negligence of the driver of the other bus, and the complaint fails to state a cause of action in tort against the original carrier.

**8. Pleadings § 19b—**

Where the complaint seeks to allege a cause of action against each of two groups of defendants as joint tort-feasors, but fails to state a cause of action against one group of defendants, dismissal upon demurrer for misjoinder of parties and causes is error, but the action should be dismissed as to the first group of defendants and reinstated for trial as against the other group.

APPEAL by plaintiff from *Armstrong, J.,* April Term, 1948, GUILFORD.

Civil action under the wrongful death statute, heard on demurrer to the complaint.

The plaintiff alleges, as against defendants Transit Line and J. R. Jones, in substance that on 2 January 1947, at about 7 :00 p.m., his intestate, Stiles, became a passenger on a bus of defendant Transit Line ; that Jones, the bus driver, ejected him at the corner of Summit Avenue and Sixteenth Street on the sidewalk for the reason he, the driver, insisted the deceased was drunk and disorderly ; that, at the time, the driver knew that deceased was not in condition to take care of himself and also knew that he would have to cross to the west side of Summit Avenue, one of the main thoroughfares of Greensboro, bearing heavy traffic at all times ; and that he negligently failed to aid deceased in crossing said dangerous highway.

As against defendants Greyhound Corporation and Hudson, he alleges that soon after being ejected from the Transit Line bus, deceased attempted to cross Summit Avenue at Seventeenth Street from east to west ; that at the same time a Greyhound Corporation bus was being operated southerly along Summit Avenue by Hudson, at a rapid and unlawful rate

of speed; that the driver saw or should have seen that deceased was confused, incapacitated, and unable to care for himself; that the driver, going at an excessive rate of speed, attempted to pass around deceased at the intersection of Summit Avenue and Seventeenth Street, without stopping or paying attention to the safety of pedestrians; that the bus struck him and continued on 52 feet before stopping; and that the bus struck deceased with such force that it inflicted serious injury resulting in death.

The negligence of each defendant is particularized, and it is alleged that the death of plaintiff's intestate was proximately caused by the alleged negligent acts of said defendants.

The defendants appeared and demurred to the complaint for that (1) there is no allegation that the action was instituted within one year after the death of plaintiff's intestate, (2) for misjoinder of parties and causes of action, and (3) for that it affirmatively appears on the face of the complaint that the liability of the defendants, if any, is several and not joint, each cause of action being separate and distinct and no joint tort or other cause of action common to all defendants is alleged. The grounds for the demurrer in each instance are fully stated.

The court below sustained the demurrer for that there is a misjoinder of parties and causes of action and dismissed the action at the cost of plaintiff. Plaintiff excepted and appealed.

*Frazier & Frazier and Adam Younce for plaintiff appellant.*
*Welch Jordan for defendant appellees.*

BARNHILL, J. A single action in tort for negligence may be maintained against two or more defendants only when the plaintiff relies on the doctrine of *respondeat superior* or the defendants are joint tort-feasors.

"An action cannot be maintained against two or more defendants for distinct torts which were committed by the different defendants independently of and not in connection with each other, although the consequences of the tort, which was committed by one defendant, united with the consequences of the tort which was committed by the other. In such case the one defendant cannot be made liable for the consequences of the tort of the other. *Stephens v. Schadler,* 182 Ky. 833, 207 S. W. 704;" *Bost v. Metcalfe,* 219 N. C. 607, 14 S. E. (2) 648.

To constitute two or more persons joint tort-feasors the negligent or wrongful act of the one must be so united in time and circumstance with the negligent or tortious act of the other that the two acts in fact constitute but one transaction. While neither concert of action nor unity of purpose is required, there must be concurrence in point of time and place. The parties must either act together in committing the wrong, or their acts, if independent of each other, must unite in causing a single injury.

There must be a common intent to do that which results in injury, or their separate acts of negligence must concur in producing a single and indivisible injury. *Bost v. Metcalfe, supra,* and cases cited.

"The well established and familiar rule that a plaintiff may consistently and properly join as defendants in one complaint several joint tort-feasors applies where different persons, by related and concurring acts, have united in producing a single or common result upon which the action is based. 9 A. L. R. 942; Anno. 35 A. L. R. 410;" *Bost v. Metcalfe, supra; Smith v. Furniture Co.,* 220 N. C. 155, 16 S. E. (2) 685.

Here it appears on the face of the complaint from the facts alleged therein that the defendants Transit Line and Jones, on the one hand, and the Greyhound Corporation and Hudson, on the other, are not joint tort-feasors. The happening of each event portrayed in the complaint is wholly independent of the other. The cause of action, if any, against Jones and the Transit Line is grounded upon the breach of duty the law placed on them by reason of the relationship created by the contract of conveyance, while the cause of action, if any, against defendants Greyhound Corporation and Hudson arises out of Hudson's alleged negligent operation of a bus upon the public streets of Greensboro.

While the plaintiff does not make any allegation as to the length of time which expired between the two events, it does appear on the face of the complaint that the deceased, after being discharged from the Transit Line bus, went at least one block before he attempted to cross Summit Avenue, where he was struck by the bus of defendant Greyhound Corporation. The two events alleged were entirely separate and distinct in point of time and circumstance.

Thus it appears that related and concurring acts of negligence such as would create joint liability and give rise to one and only one cause of action against all the defendants are not alleged.

It follows that if a maintainable cause of action is alleged against each group of defendants the judgment must be affirmed, for a misjoinder of parties and causes of action constitutes a fatal defect. A severance is not permissible. *Bank v. Angelo,* 193 N. C. 576, 137 S. E. 705; *Southern Mills, Inc., v. Yarn Co.,* 223 N. C. 479, 27 S. E. (2) 289; *Moore County v. Burns,* 224 N. C. 700, 32 S. E. (2) 225.

But no cause of action is alleged against Jones and the Transit Line. As to them the plaintiff has alleged himself out of court.

Even if the deceased was wrongfully ejected from the Transit Line's bus, he was afforded a safe landing. The driver of the bus was under no duty to pilot him to his home. His injuries did not flow from that wrongful act but arose out of an entirely different and independent occurrence.

On the allegations made, the action of Jones in wrongfully ejecting the deceased from the bus was not a proximate cause of the injury and death.

His negligence had spent itself. It was no longer operative or active. It was broken by a new and independent, intervening and insulating, act of negligence which became and was the superseding proximate cause. *Insurance Co. v. Stadiem,* 223 N. C. 49, 25 S. E. (2) 202; *Ballinger v. Thomas,* 195 N. C. 517, 142 S. E. 761; *Haney v. Lincolnton,* 207 N. C. 282, 176 S. E. 573; *Baker v. R. R.,* 205 N. C. 329, 171 S. E. 342; *Beach v. Patton,* 208 N. C. 134, 179 S. E. 446; *Butner v. Spease,* 217 N. C. 82, 6 S. E. (2) 808. It cannot be said that his act and the conduct of Hudson constitute one continuous succession of events so linked together as to make a natural whole. *Henderson v. Powell,* 221 N. C. 239, 19 S. E. (2) 876; *Butner v. Spease, supra; Ballinger v. Thomas, supra; R. R. v. Kellogg,* 94 U. S. 469.

Proximate cause is a prerequisite of liability for negligence and foreseeability is an essential element of proximate cause. Hence, in the final analysis, reasonable foreseeability on the part of the original actor of the subsequent intervening act and the resultant injury is the test. *Henderson v. Powell, supra; Butner v. Spease, supra; Gold v. Kiker,* 216 N. C. 511, 5 S. E. (2) 548; *Murray v. R. R.,* 218 N. C. 392, 11 S. E. (2) 326; *Reeves v. Staley,* 220 N. C. 573, 18 S. E. (2) 239; *Insurance Co. v. Stadiem, supra; Rattley v. Powell,* 223 N. C. 134; *Beach v. Patton, supra; Montgomery v. Blades,* 222 N. C. 463, 23 S. E. (2) 844.

"The test . . . is whether the intervening act and the resultant injury is one that the author of the primary negligence could have reasonably foreseen and expected." *Harton v. Telephone Co.,* 141 N. C. 455.

The law does not require omniscience. *Wood v. Telephone Co.,* 228 N. C. 605. It was not the duty of Jones to anticipate negligence on the part of others. To say that he was under obligation to anticipate the occurrence which caused the death of plaintiff's intestate goes beyond the field of reasonable foresight. Hence the facts alleged exculpate him and his employer and relieve them of any liability for the injury and death of deceased. As to them no cause of action is stated. *Ballinger v. Thomas, supra.* On this record they are unnecessary parties.

The cause is remanded to the end that an order may be entered dismissing the action as to the defendants Jones and Transit Line and reinstating it on the civil issue docket for trial as against the defendants Hudson and Greyhound Corporation.

Error and remanded.