MRS. CARRIE O. JORDAN v. E. T. MAYNARD, Trading as MAYNARD'S FLOOR SHOP, and PENNSYLVANIA THRESHERMAN & FARMERS MUTUAL CASUALTY INSURANCE COMPANY.

(Filed 9 November, 1949.)

**1. Contracts § 5: Insurance § 48—**

Promise to the injured person made by the carrier of liability insurance that insurer would pay all hospital and medical expenses, *is held* without consideration and unenforceable.

**2. Pleadings § 19b—**

In a suit against the owner of the store in which plaintiff was injured and the carrier of liability insurance for the owner, demurrer for mis-

joinder of parties and causes is improperly granted when the complaint fails to state a cause of action against insurer, and the cause will be remanded to the end that it be dismissed as to the insurer and retained for trial against the store owner, after granting plaintiff time in which to replead.

**3. Insurance §§ 43d, 48—**

A policy of liability insurance is for the protection and indemnity of insured, and neither by express terms nor underlying purpose is it made for the benefit of third parties, and, in the action by the injured person against insured, all reference to liability insurance is prejudicial, and all such references should be stricken from the complaint.

APPEAL by defendants from *Stevens, J.,* May Term, 1949, WAKE. Error and remanded.

Plaintiff, a customer in the store of defendant Maynard, sat or attempted to sit in a chair provided for customers. The chair slipped or skidded out from under her, causing certain personal injuries. She makes allegations of negligence in the construction of the chair and the condition of the floor.

Thereafter, a claim adjuster or agent of the defendant insurance company informed the plaintiff that it carried insurance upon the defendant Maynard to protect him against liability for such injuries as she had sustained, and that it desired the plaintiff to have all necessary and proper medical, surgical, hospital, and nursing treatment on account of her said injuries, and that it would pay the expense of the same. Subsequent thereto she incurred hospital, doctors' and nurses' bills.

Plaintiff now prays recovery against both defendants for the injuries sustained and the expenses incurred. Each defendant demurred for misjoinder of parties and causes of action. The demurrers were overruled and defendants appealed.

*Simms & Simms for plaintiff appellee.*
*Smith, Leach & Anderson for defendant appellants.*

BARNHILL, J. The defendant insurance company, in this Court, interposed demurrer *ore tenus* for that the complaint fails to state a cause of action against it in that the alleged promise by its agent, if made, was without consideration and is therefore unenforceable. The demurrer is well advised and must be sustained. *Stonestreet v. Oil Co.,* 226 N.C. 261, 37 S.E. 2d 676.

So far as this record discloses, the insurance company was under no contractual duty to plaintiff to provide hospital and medical care for her. The assurance of its claim adjuster or employee that the company would pay the expenses of hospitalization including the charges of the

doctors and nurses was voluntary and without consideration. Hence, aside from the question of authority, which is not now at issue, it imposed no liability enforceable in a court of law.

Since no cause of action is stated as against the defendant insurance company, there is no misjoinder of parties and causes of action. *Shaw v. Barnard,* 229 N.C. 713, 51 S.E. 2d 295.

In an action *ex delicto* for damages proximately caused by the alleged negligence of the defendant, his liability insurance carrier is not a proper party defendant. *Clark v. Bonsal,* 157 N.C. 270, 72 S.E. 954; *Johnson v. Transfer Co.,* 204 N.C. 420, 168 S.E. 495; *Scott v. Bryan,* 210 N.C. 478, 187 S.E. 756. The contract is made for the protection and indemnity of the insured, fortifying him against unexpected and uncertain demands which might otherwise prove disastrous to him. Neither by express terms nor underlying purpose is it made for the benefit of third parties.

It is so alien to a cause of action, such as the one here alleged, that evidence thereof or reference thereto in the presence of the jury is prejudicial. *Stanley v. Lumber Co.,* 184 N.C. 302, 114 S.E. 385; *Featherstone v. Cotton Mills,* 159 N.C. 429, 74 S.E. 918; *Luttrell v. Hardin,* 193 N.C. 266, 136 S.E. 726. The presiding judge should at all times "guard against prejudicial references to liability insurance." *Scott v. Bryan, supra,* and cases cited.

It follows that the defendant insurance company is an improper party defendant and all reference to it and to liability insurance should be eliminated from the complaint. To that end the court below will allow the plaintiff reasonable time within which to redraft her pleading.

The cause is remanded to the end that an order may be entered dismissing the action as to the defendant insurance company and granting plaintiff time in which to replead. The cause must be retained on the civil issue docket for trial as against the defendant Maynard. It is so ordered.

Error and remanded.