L. H. WETHERINGTON, AIRLINE CAB COMPANY OF HAVELOCK, INC., HERBERT WILLIS AND BROAD STREET MOTORS, INC., v. WHITFORD MOTOR COMPANY, INCORPORATED.

(Filed 7 April, 1954.)

**1. Pleadings § 19b—**

Where the allegations of the complaint disclose that the individual plaintiffs acted solely in a representative capacity for their respective corporations, and the complaint prays no relief for them in their individual capacities, they are unnecessary parties and their joinder cannot warrant dismissal of the action upon demurrer.

**2. Same—**

In determining whether a complaint is demurrable as stating a cause of action for breach of two separate contracts not affecting all the parties, the complaint must be considered as a whole, giving due weight to each and every allegation which tends to limit or qualify one of the contracts or disclose that the action is predicated upon the breach of a single agreement.

**3. Evidence § 5: Automobiles § 5—**

The courts will take judicial notice as a fact within common knowledge that automobile manufacturers sell cars to ultimate purchasers solely through local authorized dealers.

**4. Pleadings § 19b—Where no cause of action is stated in regard to one party, the joinder of such party cannot warrant dismissal upon demurrer.**

The complaint alleged in substance that plaintiff corporation, which sold automobiles but was not an authorized dealer, procured plaintiff taxi company to purchase for it for resale cars from defendant authorized dealer and that the authorized dealer advised this subterfuge for purchase under a "fleet purchase plan" as the only method by which it could sell the cars at a discount. The complaint set forth the contract between the authorized dealer and the cab company for the purchase of the cars, and the contract between plaintiff cab company and plaintiff corporation for the delivery of the cars to plaintiff corporation, alleged breach by defendant, and prayed recovery by each of plaintiffs for loss of profits. *Held:* Upon the facts alleged, all the parties understood that plaintiff corporation was the actual purchaser and the real party in interest, and that the cab company was a mere agent for it in the purchase of the cars, and therefore the cab company is an unnecessary party, and its joinder cannot warrant dismissal of the action upon demurrer for misjoinder of parties and causes.

APPEAL by plaintiffs from *Frizzelle, J.,* October Term 1953, CRAVEN. Reversed.

Civil action to recover damages for breach of contract, heard on demurrer.

The allegations contained in the complaint may be summarized as follows:

(1) Plaintiff Airline Cab Company of Havelock, Inc., hereinafter referred to as Cab Company, is engaged in the operation of taxicabs, and plaintiff L. H. Wetherington is its president; plaintiff Broad Street Motors, Inc., is engaged in dealing in automobiles and automotive equipment for sale or exchange, and plaintiff Herbert Willis is its treasurer; and defendant Whitford Motor Company is the local Ford automobile dealer, engaged in the sale at retail of Ford automobiles.

(2) Broad Street Motors, desiring to purchase a large number of Ford automobiles as a part of its stock in trade for resale, approached defendant to make the purchase, and the defendant advised Broad Street Motors that it could purchase said automobiles on the "fleet purchase plan" only through someone having reasonable and ordinary use for a large number of Ford automobiles, and thus obtain the benefit of lower prices charged on a purchase under that plan.

(3) Broad Street Motors then approached Wetherington and requested him, through his company, to purchase fifty Ford automobiles from defendant for and in behalf of Broad Street Motors on the "fleet purchase plan;" and thereupon the Cab Company proposed or offered to purchase from defendant in its own behalf and in behalf of said Broad Street Motors fifty automobiles; and defendant, in turn, offered to sell to the plaintiffs sixty new Ford automobiles on the "fleet purchase plan."

(4) The Cab Company and defendant then entered into a contract under which defendant agreed to sell to the Cab Company, and the Cab Company agreed to purchase sixty new Ford automobiles of four different types, to be divided into designated colors, etc., and the Cab Company agreed to deposit $50 per car, or a total of $3,000, at the time of the execution of the contract, and the balance upon the delivery of said cars, delivery to be made ten in March 1953, twenty-five in April 1953, and twenty-five in May 1953; the purchase price to be the cost to defendant plus ten per cent on each car, plus $15 on each car for service charge, and $15 on each car for North Carolina sales tax.

(5) Contemporaneously the Cab Company and Broad Street Motors entered into a contract, a copy of which is attached to and made a part of the complaint.

(6) During the month of April 1953, defendant delivered to the Cab Company eleven of the sixty automobiles it had agreed to sell, but since that time, notwithstanding the demands of the plaintiffs, the defendant has failed and refused to deliver the remaining forty-nine automobiles purchased under said contract.

(7) Under the contract between the Cab Company and defendant, the profit to the Cab Company, had the contract been fulfilled, amounted to

about eight per cent of the cost price of each automobile, or $5,891.24 on the undelivered forty-nine automobiles, and Broad Street Motors under said contract would have made a profit on said forty-nine cars, had they been delivered, of $10,227.84.

(8) Notwithstanding defendant has refused and still refuses to deliver said forty-nine automobiles, it retains the $50 per car paid thereon at the time the contract was entered into, to wit, $2,450.

The contract between the Cab Company and Broad Street Motors recites that the Cab Company has ordered sixty Ford automobiles through defendant; the price to be paid therefor on delivery and the receipt by the Cab Company from Broad Street Motors of the $3,000 deposit which it "in turn has paid to" defendant. The Cab Company agrees that the sixty cars are to be delivered to Broad Street Motors to be paid for on delivery; and Broad Street Motors agrees to pay the Cab Company "for such services rendered . . . any excess over and above Whitford Motor Company's charge, such excess not to exceed 10% under the New Bern delivery retail price." The contract between the Cab Company and defendant is attached to and made a part of this contract.

Plaintiffs pray that the Cab Company have and recover of defendant $5,891.25, and that plaintiff Broad Street Motors have and recover of defendant $10,227.84.

The defendant demurred for that (1) there is a misjoinder of causes and parties, and (2) the complaint contains no allegations sufficient to constitute a cause of action in favor of L. H. Wetherington and Herbert Willis, the two individual plaintiffs.

The court below, being of the opinion that there is a misjoinder of causes of action and a misjoinder of parties, sustained the demurrer and entered judgment dismissing the action. Plaintiffs excepted and appealed.

*W. B. R. Guion for plaintiff appellants.*
*Ward & Tucker for defendant appellee.*

BARNHILL, C. J. It clearly appears from the allegations contained in the complaint that the individual plaintiffs, in respect to the subject matter of this action, were acting in a representative capacity as agents or officers of their respective corporations. As to them, no cause of action is stated, and they pray no relief. That their names appear in the caption as plaintiffs does not affect the question posed for decision. *Hayes v. Wilmington,* 239 N.C. 238; *Jordan v. Maynard,* 231 N.C. 101, 56 S.E. 2d 26.

What then about the Cab Company? Are two causes of action—one in behalf of the Cab Company and the other in behalf of Broad Street Motors—stated in the complaint? This is the question raised by the

demurrer. The court below, by sustaining the demurrer, answered in the affirmative. A careful study of the complaint leads us to the contrary view.

If we considered the contract between the Cab Company and defendant, and that alone, it would appear that the Cab Company has clearly stated a cause of action for breach of contract. But we may not so limit our consideration. We must, instead, view the complaint as a whole, giving due weight to each and every allegation which tends to limit or qualify the contract or explain the position of the Cab Company as one of the ostensible contracting parties.

It is a matter of common knowledge that automobile manufacturers market their products through local authorized dealers, and only such dealers may procure and sell to the ultimate purchaser new automobiles as such. Of this fact the courts may take judicial notice. *S. v. Vick,* 213 N.C. 235, 195 S.E. 779.

When we give due consideration to the contracts in connection with the allegations contained in the complaint in the light of the known fact that Broad Street Motors could not buy new Ford automobiles for resale, it is manifest that the complaint details one and only one transaction which the parties sought to camouflage as a purchase by the Cab Company and a resale to Broad Street Motors. The Cab Company was nothing more than the go-between or agent of Broad Street Motors. Its contract was made for the use and benefit of Broad Street Motors which in fact was to pay for and receive delivery of the vehicles purchased. And the Cab Company was to receive for its services in posing as the real purchaser the *quid pro quo* stipulated in the contract.

While it was intended that the contract with the defendant should appear to be a *bona fide* purchase by the Cab Company to whom defendant could make sale under the "fleet purchase plan," all parties knew and understood that Broad Street Motors was the actual purchaser and the real party in interest. As such it may maintain this action. *Rector v. Lyda,* 180 N.C. 577, 105 S.E. 170; *Canestrino v. Powell,* 231 N.C. 190, 56 S.E. 2d 566.

Should the Cab Company be permitted to pursue the cause to its final judgment, it would, on its own allegations, receive the amount recovered as agent for Broad Street Motors to which it would have to account and to which it would be compelled to look for its compensation for services rendered. It is, therefore, an unnecessary party plaintiff. *Roberson v. Swain,* 235 N.C. 50, 69 S.E. 2d 15; *Hayes v. Wilmington, supra.*

Considered in connection with the two contracts which are made a part of the complaint, the allegations made cannot reasonably be accorded any other meaning. So we construe the complaint.

It follows that since no cause of action is stated in behalf of the individual plaintiffs or the Cab Company, there is no misjoinder of parties or causes of action. *Shaw v. Barnard,* 229 N.C. 713, 51 S.E. 2d 295; *Jordan v. Maynard, supra.* For that reason the judgment entered in the court below must be

Reversed.