PACIFIC FIRE INSURANCE COMPANY v. SISTRUNK MOTORS, INC.

(Filed 3 November, 1954.)

**Automobiles §§ 14, 18h (2)—**

> The evidence tended to show that four cars were traveling in line upon a three-lane highway, that the driver of the front car made a right turn into a side road without giving a signal, forcing the second driver in line to stop in order to avoid hitting the first car, that the driver of the third car brought it to a stop without colliding with the second car, and that the driver of the fourth car collided with the rear of the third car.  There were no vehicles approaching from the opposite direction.  *Held:* The evidence was sufficient to overrule nonsuit in an action by the owner of the fourth car against its driver to recover for the damage to the car.

APPEAL by defendant from *Martin, Special Judge,* and a jury, at January-February Term, 1954, of RANDOLPH.   No error.

Civil action by insurance company to recover, by way of subrogation, for damage to a Cadillac automobile insured by the plaintiff.   The dam-

age occurred by collision while the Cadillac was being road-tested in the course of a 3,000-mile check-up by an employee of the defendant automobile dealer. The plaintiff discharged its insurance liability by paying the owner of the car the sum of $720.04, and then instituted this action to recover over against the defendant, alleging negligence of the employee who was road-testing the Cadillac at the time of the collision.

Issues of negligence, damages, and right of the plaintiff to recover as subrogee were submitted to the jury and answered in favor of the plaintiff.

From judgment on the verdict, awarding the plaintiff a recovery in the amount of $720.04, the defendant appeals.

*Ottway Burton for plaintiff, appellee.*
*G. E. Miller and A. W. Beck for defendant, appellant.*

JOHNSON, J. The single question presented by this appeal is whether the evidence on which the plaintiff relies is sufficient to carry the case to the jury on the issue of actionable negligence.

The collision occurred in the daytime on a dry, three-lane highway. Three automobiles were traveling northwardly in line at about 30 to 35 miles per hour. The driver of the front car made a right turn into a side road without giving a signal, forcing the second driver in the line to stop in order to avoid hitting the first car. The third driver in line, one Owens, brought his car to a stop without colliding with the forward automobile. When he stopped, the Cadillac hit the Owens automobile in the rear with such force that the front part of the Cadillac went underneath the Owens car, partially lifting it off the highway. As the witness Owens put it: "The front bumper of the Cadillac was up under my gas tank. The back end of my car was left clear. The bumper went under me." The estimate of repair costs as made by the defendant motor company disclosed damage to the hood, left and right fenders, horns, grill, bumper, parking lights, headlights, fan belt, radiator, and other damage to the Cadillac amounting to $770.04. At the time of the collision Owens, the driver of the third car, had his brakes on, and his tail light was working. However, he gave no other signal of his intention to stop. As to this, he testified: "The man in front of me didn't give me a signal and I stopped as soon as I could, but I didn't have a chance to give a signal." There was no vehicle approaching in the other two traffic lanes at the time.

The elements of negligence alleged by the plaintiff include averments that the defendant's agent in road-testing the Cadillac was (1) driving at an excessive rate of speed, (2) without maintaining a proper lookout, and (3) following the Owens car too closely, in violation of G.S. 20-152.

The evidence on which the plaintiff relies, when viewed with the degree of liberality required on motion to nonsuit, was sufficient to make out a

*prima facie* case of actionable negligence on one or more of the grounds alleged.

The verdict and judgment will be upheld.

No error.