EUGENE RIDDLE v. PERCY JAMES ARTIS, HARRY LEE MORRIS, JR., MRS. HARRY LEE MORRIS AND RAYMOND McMILLAN.

(Filed 21 March, 1956.)

1. **Negligence § 6—**

Negligence originating from separate or distinct sources or agencies operating independently of each other may concur in proximately causing injury, and in such event, the author of each negligent act or omission may be held liable by the injured party severally or together as joint tortfeasors.

2. **Negligence § 7—**

In order for the intervening negligence of an independent agency to relieve the original wrongdoer of liability, such intervening negligence must constitute an independent force which breaks the chain of causation and turns aside the natural sequence of events set in motion by the original wrongdoer and be reasonably unforeseeable on the part of the original actor.

3. **Negligence § 9—**

Foreseeability, as an element of proximate cause, does not require that the tortfeasor should have been able to foresee the injury in the precise form in which it occurred, but only that he could have foreseen, in the exercise of due care, that consequences of a generally injurious nature would likely result from his act or omission.

4. **Automobiles §§ 13, 14, 35—Complaint held to state concurrent negligence on part of defendants proximately causing injuries to plaintiff.**

Plaintiff's allegations were to the effect that he was driving south on a highway, that one defendant, driving north, failed to keep a proper lookout, drove at an unlawful rate of speed, with slick tires, on a highway damp from recent rains, and skidded into plaintiff's lane of travel, causing the cars to collide, that the other defendant, driving a third car, followed plaintiff on the highway more closely and at a greater speed than was reasonable or prudent under the circumstances, that he failed to keep a proper lookout, and collided with the rear of plaintiff's car, notwithstanding that he saw or could have seen, in the exercise of due care, that the car of the first defendant was skidding and that a collision was likely to occur, and that plaintiff's injuries were the proximate result of the con-

RIDDLE v. ARTIS.

current negligence of defendants. *Held:* The complaint alleges concurrent negligence, and demurrer of the second defendant on the ground that the complaint disclosed upon its face that his negligence was insulated by the negligence alleged against the first defendant, should have been overruled.

BARNHILL, C. J., concurs in result.

APPEAL by plaintiff from *Parker (J. W.), J.,* at November Special Term, 1955, of NORTHAMPTON.

Civil action in tort to recover damages for personal injuries and damage to property sustained by plaintiff in a three-car collision, allegedly caused by the joint and concurrent negligence of the drivers of two of the vehicles, heard below on demurrer to the complaint.

The plaintiff's allegations may be summarized as follows:

1. The collision occurred on 25 December, 1953, at about 2:15 o'clock in the afternoon, on U. S. Highway No. 117, about a mile south of the city limits of Goldsboro. Immediately before the collision the plaintiff was operating a Ford automobile south on the highway. The defendant Artis was driving a Pontiac car north, meeting the plaintiff. The defendant Harry Lee Morris, Jr., as agent of the defendant Mrs. Harry Lee Morris, was operating a Chevrolet car south, following the plaintiff.

2. The collision occurred in this manner: As the two cars driven by the plaintiff and the defendant Artis were about to meet and pass, the Artis car skidded upon the highway and "came across the center line . . . in front of plaintiff's car." The front of plaintiff's car struck the right side of the defendant Artis' car in plaintiff's southbound lane of travel. Immediately thereafter, the front of the defendant Morris' car struck the rear of the plaintiff's car.

3. That the defendant Artis was negligent in that he was operating his car (a) without keeping a proper lookout, (b) at a high and unlawful rate of speed, with slick tires, on a highway damp from recent rains, and (c) to his left of the center line of the highway when meeting other traffic.

4. That the defendant Morris was negligent in these particulars: (a) he was operating his automobile "by following the car that plaintiff was driving more closely than was reasonable or prudent and without regard for the safety of others"; (b) he was operating his car "at a greater speed than was safe and prudent under the circumstances"; (c) "he failed to keep a proper lookout and use due care under the circumstances at a time when he saw, or by the exercise of due care, could have seen, that the Highway was damp from recent rains, and that the defendant Artis' car was skidding in front of him and the car that plaintiff was driving, and that a collision was likely to occur."

5. "That the negligence of defendant Artis, set into sequence a chain of events which concurrently with the negligence of defendant Morris resulted in the collision herein complained of."

6. "That immediately following the collision between the front of plaintiff's car with the right side of defendant Artis' car and while plaintiff was in a seriously injured condition and unable to extricate himself, the defendant Morris negligently ran into the rear of plaintiff's car and successively and concurrently with the negligence of defendant Artis inflicted serious injury to the plaintiff, which negligence on the part of defendant Artis and defendant Morris resulted proximately in the injuries herein complained of."

7. "That at the time of said collision defendants were successively, jointly and concurrently negligent in proximately causing the injuries to plaintiff."

8. That as a result of the collision the "plaintiff was seriously, painfully and permanently injured" and "suffered property losses" for which he is entitled to recover of the defendants, jointly and severally, damages in a specified sum.

The defendants Mrs. Harry Lee Morris and Harry Lee Morris, Jr., demurred *ore tenus* to the complaint on the ground that the complaint fails to state a cause of action against them, for that "the facts alleged disclose that the negligence of the defendant Percy James Artis was the sole proximate cause of the collision and the injuries and damage sustained by the plaintiff . . ."

The trial court entered judgment sustaining the demurrer and granting the plaintiff leave to amend.

From the judgment so entered, the plaintiff appeals.

*Allsbrook & Benton for plaintiff, appellant.*

*Kelly Jenkins and Eric Norfleet for defendants Mrs. Harry Lee Morris and Harry Lee Morris, Jr., appellees.*

JOHNSON, J. Does it affirmatively appear upon the face of the complaint, as contended by the defendants Morris, that the negligence alleged against them by the plaintiff was superseded and completely insulated by the intervening negligence of the defendant Artis? We think not. This works a reversal of the judgment below.

It is elemental that there may be two or more proximate causes of an injury. These may originate from separate and distinct sources or agencies operating independently of each other; yet if they join and concur in producing the result complained of, the author of each cause may be held liable for the injuries inflicted, and an action may be main-

tained against any one of the wrongdoers or against all of them as joint tortfeasors. *Tillman v. Bellamy,* 242 N.C. 201, 87 S.E. 2d 253.

The doctrine of intervening negligence is well established in our law. Its essential elements and governing principles are well defined and elaborately explained in former decisions of this Court. Further elaboration here is unnecessary.. *Balcum v. Johnson,* 177 N.C. 213, 98 S.E. 532; *Kiser v. Carolina Power & Light Co.,* 216 N.C. 698, 6 S.E. 2d 713; *Hall v. Coble Dairies,* 234 N.C. 206, 67 S.E. 2d 63. These decisions emphasize the principle that an intervening cause which will relieve the original wrongdoer of liability must be a new cause intervening between the original negligent act or omission and the injury ultimately suffered, which breaks the chain of causation set in motion by the original wrongdoer and becomes itself solely responsible for the injuries. It must be an independent force which turns aside the natural sequence of events set in motion by the original wrongdoer "and produces a result which would not otherwise have followed, and which could not have been reasonably anticipated." *Hall v. Coble Dairies, supra* (234 N.C. at p. 211, 67 S.E. 2d at p. 67).

It is immaterial how many new events or forces have been introduced if the original cause remains. operative and in force. In order for the conduct of the intervening agent to break the sequence of events and stay the operative force of the negligence of the original wrongdoer, the intervening conduct must be of such nature and kind that the original wrongdoer had no reasonable ground to anticipate it. *Balcum v. Johnson, supra.*

"The test by which the negligent conduct of one is to be insulated as a matter of law by the independent negligent act of another, is reasonable unforeseeability on the part of the original actor of the subsequent intervening act and resultant injury." *Butner v. Spease,* 217 N.C. 82, 6 S.E. 2d 808. See also *Beach v. Patton,* 208 N.C. 134, 179 S.E. 882.

In 38 Am. Jur., Negligence, Sec. 67, pp. 722 and 723, the principle is stated this way: "In order to be effective as a cause superseding prior negligence, the new, independent, intervening cause must be one not produced by the wrongful act or omission, but independent of it, and adequate to bring about the injurious result; a cause which interrupts the natural sequence of events, turns aside their course, prevents the natural and probable result of the original act or omission, and produces a different result, that reasonably might not have been anticipated."

"If the intervening cause is in reality only a condition on or through which the negligence of the defendant operates to produce an injurious result, it does not break the line of causation so as to relieve the original wrongdoer from responsibility for the injury. 38 A.J. 723. A superseding cause cannot be predicated on acts which do not affect the final

result of negligence otherwise than to divert the effect of the negligence temporarily, or of circumstances which merely accelerate such result (citing authority).

" 'The inquiry must, therefore, always be whether there was any intermediate cause disconnected from the primary fault, and self-operating, which produced the injury.' " *Riggs v. Motor Lines,* 233 N.C. 160, at p. 165, 63 S.E. 2d 197, at p. 201.

Ordinarily, "the connection is not actually broken if the intervening event is one which might in the natural and ordinary course of things, be anticipated as not entirely improbable, and the defendant's negligence is an essential link in the chain of causation." Shearman and Redfield on Negligence, Revised Ed., Vol. 1, Sec. 38, p. 101.

The test of foreseeability as an element of proximate cause does not require that the tortfeasor should have been able to foresee the injury in the precise form in which it occurred. "All that the plaintiff is required to prove on the question of foreseeability, in determining proximate cause, is that in 'the exercise of reasonable care, the defendant might have foreseen that some injury would result from his act or omission, or that consequences of a generally injurious nature might have been expected.' " *Hart v. Curry,* 238 N.C. 448, 78 S.E. 2d 170.

Our examination of the complaint impels the conclusion that the elements of negligence separately averred against the defendants Morris and Artis are alleged in such manner as to imply actionable negligence on the part of the defendants Harry Lee Morris, Jr., and Percy James Artis, on the theory of concurrent negligence, under application of the principles explained in *Tillman v. Bellamy, supra,* and the decisions cited in *Bumgardner v. Allison,* 238 N.C. 621, top p. 626, 78 S.E. 2d 752, mid. p. 756. See also *Blalock v. Hart,* 239 N.C. 475, 80 S.E. 2d 373; *Aldridge v. Hasty,* 240 N.C. 353, 82 S.E. 2d 331; *Insurance Co. v. Motors, Inc.,* 241 N.C. 67, 84 S.E. 2d 301; *Lawrence v. Bethea, ante,* 632. Necessarily, then, the complaint does not disclose upon its face that the negligence alleged against the defendants Morris was insulated by that alleged against the defendant Artis. *Riggs v. Motor Lines, supra; Hall v. Coble Dairies, supra.* See also *Barber v. Wooten,* 234 N.C. 107, 66 S.E. 2d 690.

The decisions cited and relied on by the appellees, including *Butner v. Spease,* 217 N.C. 82, 6 S.E. 2d 808, are factually distinguishable.

The judgment below is

Reversed.

BARNHILL, C. J., concurs in result.