PAUL A. BATTS v. JACK LEWIS FAGGART, EDWARD LEE FUTRELL, MORGAN TRUCKING COMPANY, AND EQUIPMENT LEASING COMPANY.

(Filed 11 December 1963.)

1. **Negligence § 7—**

Separate and distinct factors may concur and join in producing a single injury, in which event the author of each is jointly and severally liable to the injured party.

2. **Negligence § 8—**

Whether an intervening act insulates the original wrong depends upon whether there is an unbroken connection between the original wrong and the injury so that the injury is the natural and probable consequence of the original negligence and should have been foreseen in the light of the attending circumstances.

3. **Automobiles §§ 35, 43— Allegations held insufficient to show that injuries were the result of the first of two collisions.**

Plaintiff's allegations were to the effect that he was traveling south and that as he was making a left turn at a cross-over in the median of a four-lane highway he was struck from the rear by the vehicle negligently operated by the first defendant, that this collision stunned him, that when he regained his senses his car was standing crossways in the middle of the northbound lanes of the highway, that he proceeded to drive forward and turn his vehicle to the left in a northern direction to proceed into the eastern lane when he was hit from the rear by the vehicle driven north at excessive speed by the second defendant, who had a clear view for some 900 feet before reaching the place of the accident, and that the second defendant failed to apply his brakes, and crashed into the rear of his car.

There was no allegation of damage resulting from the first collision. *Held:* Demurrer of the first defendant for failure of the complaint to state a cause of action against him should have been sustained, since the facts alleged fail to show a causal relation between the first collision and plaintiff's injuries.

**4. Pleadings § 18—**

   If the demurrer of one of two defendants is sustained for failure of the complaint to state a cause of action against him, the question presented by the demurrer for misjoinder of parties and causes is eliminated.

APPEAL by defendant Faggart from *Gambill, J.,* April 1963 Civil Session of DAVIDSON.

Plaintiff's action is to recover damages from defendants, jointly and severally, on account of personal injuries he alleges he sustained on account of their joint and concurrent negligence. The hearing below was on the demurrer to the complaint filed by defendant Faggart.

Plaintiff bases his action on the facts alleged in paragraph 7 of his complaint, to wit:

"7. That on said 16th day of December, 1961, at about the hour of 2:15 A.M., plaintiff was driving his automobile in a southerly direction on said Highway Nos. 29 & 70; that said Highway Nos. 29 & 70 is a dual highway, with two lanes of said highway adapted for the use of traffic traveling in a southern direction, and two lanes of said highway adapted for the use of traffic traveling in a northern direction, with said southbound and northbound lanes of traffic being separated and divided by a median; that at various places on said highway there are cross-over driveways leading through said median, built for the purpose of enabling and permitting traffic to drive through the median and cross from the southbound lanes of traffic and vice versa; that plaintiff was lawfully operating his said automobile on the right or outside lane of the southbound traffic lane on said highway, when he approached a cross-over driveway leading through the median on said highway, at the intersection of said highway and the Piney Woods Road, known as State Road #2048; that plaintiff, intending to make a left turn into the cross-over driveway and through the median at said intersection, turned on his left-turn signal light approximately 300 feet before he reached the said cross-over drive leading through said median, and pulled and turned his car into the left and inside lane of traffic on the southbound lane of said highway; that as plaintiff was making a left turn into said cross-over driveway, and while the rear end of his automobile was extending out into the left or inside lane in said highway, the defendant Jack Lewis Faggart, operating his 1956 Buick automobile, . . . was traveling on the inside southbound lane

along said highway without keeping a proper lookout and observing traffic upon said highway; that said defendant Faggart failed to slow down his automobile while plaintiff was lawfully making said turn, and he ran into the rear end of plaintiff's automobile in a violent manner, and his head and other parts of his body came in violent contact with the interior of his said automobile and he was momentarily stunned and shocked; that plaintiff regained his senses while his said automobile was stopped crossways in the middle of said northbound lanes of traffic on said highway, and he was proceeding to drive his car forward and turn the same to the left in a northern direction to proceed into the eastern or outside lane of the northbound lanes of traffic; that while plaintiff was proceeding to drive into and along said eastern and outside lane as aforesaid, the defendant Edward Lee Futrell was approaching the scene while traveling in a northern direction along the northbound lanes of Highway Nos. 29 & 70; that he came over the top of a hill approaching the scene of plaintiff's peril, and while he was 900 feet from plaintiff, he had an unobstructed view of plaintiff and the scene of his peril; that . . . the defendant Futrell was operating said tractor-trailer at an unlawful and excessive rate of speed of more than 60 miles per hour; that he did not apply his brakes or slow down said tractor-trailer as he approached plaintiff's automobile on the eastern or outside lane of said highway, and he ran into the rear end of plaintiff's automobile with such terrific force that he knocked and drove plaintiff's automobile off the pavement and across the eastern shoulder for a distance of approximately 100 feet and up a four-foot embankment located off the eastern side of said highway, and the large trailer of said truck crushed and pinned plaintiff's automobile against the said bank, at which time plaintiff was knocked unconscious, and a few moments thereafter his said automobile caught on fire, and while plaintiff was pinned inside his said automobile the same was burning, and plaintiff suffered burns over various parts of his body in addition to other injuries hereinafter alleged."

Plaintiff alleges the tractor-trailer was operated by defendant Futrell on said occasion as agent of the corporate defendants and in the discharge of his duties as such agent.

Plaintiff alleges the respects in which defendant Faggart was negligent, alleges the respects in which defendant Futrell and the corporate defendants were negligent, and alleges that the joint and concurrent negligence of defendants proximately caused his injuries.

Defendant Faggart demurred on two grounds, namely: 1. That the complaint fails to state a cause of action against him (a) in that plaintiff does not allege he was injured or damaged as a result of the first

collision, and (b) the facts alleged disclose the negligence of defendant Futrell was the sole proximate cause of plaintiff's alleged injuries. 2. That there is a misjoinder of parties and causes of action in that the complaint alleges two separate and distinct causes of action occurring at different times, causing different injuries and damages, one by plaintiff against defendant Faggart and the other by plaintiff against defendant Futrell and the corporate defendants.

The court overruled said demurrer. Defendant Faggart excepted, appealed and assigns as error the overruling of his said demurrer, asserting his demurrer was "interposed as a matter of right for misjoinder of parties and causes of action."

*W. H. Steed and Charles F. Lambeth, Jr., for plaintiff appellee.*
*Walser & Brinkley for defendant appellant Faggart.*

BOBBITT, J. Faggart asserts, as his first ground of demurrer, that the complaint does not allege a cause of action against him. If this be true, there is no misjoinder of parties and causes of action. *Shaw v. Barnard*, 229 N.C. 713, 51 S.E. 2d 295; *Jordan v. Maynard*, 231 N.C. 101, 56 S.E. 2d 26; *Wetherington v. Motor Co.*, 240 N.C. 90, 81 S.E. 2d 267.

The complaint contains no allegation of injury or damage proximately caused by the first collision, to wit, when plaintiff's car was struck by the car operated by Faggart. Plaintiff seeks to recover for injuries caused by the second collision, to wit, when plaintiff's car was struck by the tractor-trailer operated by Futrell.

The complaint alleges the second collision and plaintiff's injuries were proximately caused by the negligence of Futrell while acting as agent for the corporate defendants. The crucial question is whether, upon the facts alleged, the alleged negligence of Faggart, conceding his negligence proximately caused the first collision, may be considered a (concurring) proximate cause of the second collision. If not, plaintiff has alleged no cause of action against Faggart and his demurrer should be sustained on that ground, not for misjoinder of parties and causes of action.

"There may be two or more proximate causes of an injury. These may originate from separate and distinct sources or agencies operating independently of each other, yet if they join and concur in producing the result complained of, the author of each cause would be liable for the damages inflicted, and action may be brought against any one or all as joint tort-feasors." *Barber v. Wooten*, 234 N.C. 107, 109, 66 S.E. 2d 690; *Riddle v. Artis*, 243 N.C. 668, 670, 91 S.E. 2d 894. "This

principle is applicable when the facts are such as to justify the view that the several acts of negligence on the part of two different persons concur in contributing proximately to the injury complained of." *Tillman v. Bellamy,* 242 N.C. 201, 204, 87 S.E. 2d 253.

Plaintiff contends the facts alleged in the complaint support his allegations that the second collision was proximately caused by the joint and concurring negligence of all defendants. Faggart contends it appears from the facts alleged by plaintiff that the negligence of Futrell was the sole proximate cause of the second collision and that his (Faggart's) negligence was not a concurring proximate cause.

"The doctrine of intervening negligence is well established in our law. Its essential elements and governing principles are well defined and elaborately explained in former decisions of this Court. Further elaboration here is unnecessary." *Riddle v. Artis, supra,* and cases cited; *Smith v. Grubb,* 238 N.C. 665, 78 S.E. 2d 598, and cases cited.

This Court, in *Butner v. Spease,* 217 N.C. 82, 87, 6 S.E. 2d 808, and prior cases, has quoted with approval this statement from the opinion of Mr. Justice Strong in *R. R. v. Kellogg,* 94 U.S. 469, 475: "The question always is, Was there an unbroken connection between the wrongful act and the injury, a continuous operation? Did the facts constitute a continuous succession of events, so linked together as to make a natural whole, or was there some new and independent cause intervening between the wrong and the injury? It is admitted that the rule is difficult of application. But it is generally held, that, in order to warrant a finding that negligence, or an act not amounting to wanton wrong, is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances."

The facts alleged disclose: As a result of the first collision, the plaintiff "was momentarily stunned and shocked." When he "regained his senses," his car "was stopped crossways in the middle of said northbound lanes of traffic." Upon regaining his senses, plaintiff proceeded to drive his car forward, to turn to his left and to proceed into and along "the eastern or outside lane" for northbound traffic. The tractor-trailer operated by Futrell, traveling north, "approached plaintiff's automobile on the eastern or outside lane of said highway, and he ran into the rear end of plaintiff's automobile with such terrific force . . ." Futrell had "an unobstructed view of plaintiff and the scene of his peril" for a distance of 900 feet. Notwithstanding, he did not apply his brakes or slow down but continued at a speed of more than 60 miles per hour and crashed into the rear of plaintiff's car.

Under the facts alleged, the second collision did not occur when plaintiff's car "was stopped crossways in the middle of said northbound lanes of traffic." Nor did it occur while plaintiff was "stunned and shocked." On the contrary, it occurred after plaintiff had "regained his senses" and had operated his car onto and was proceeding north along the eastern or outside lane for northbound traffic. Plaintiff had regained control of his car and was operating it in the proper lane for northbound traffic when the tractor-trailer operated by Futrell overtook plaintiff's car and crashed into the rear thereof. Futrell's view of these occurrences was unobstructed. Absent the first collision, if plaintiff, traveling south, had turned left, crossed the median and turned left into and proceeded north along the eastern or outside lane for northbound traffic his car would have been in the same position as when overtaken and struck by the tractor-trailer. In our view, plaintiff's factual allegations affirmatively disclose that negligence on the part of Faggart in proximately causing the first collision was not a proximate cause of the second collision.

In *Barber v. Wooten, supra,* and in *Riddle v. Artis, supra,* the decisions stressed by plaintiff, demurrers interposed on the ground of misjoinder of parties and causes of action were overruled. These cases are readily distinguishable. In *Barber,* the plaintiff was a passenger. In *Riddle,* the plaintiff was an operator. In each, the complaint alleged the plaintiff was seriously injured and unable to extricate herself (himself) as a result of the first collision. In each, it appears from the plaintiff's allegations that the car occupied by the plaintiff was not operated by anyone between the first and succeeding collision(s).

In other decisions cited by plaintiff, *the evidence* was held sufficient to require submission of an issue as to the joint and concurrent negligence of the defendants. In *Lewis v. Hunter,* 212 N.C. 504, 193 S.E. 814, the plaintiff's intestate, a pedestrian, as a result of being struck by the car of defendant Hunter, was lying prostrate and unconscious in the street when struck by the car of defendant Spears. In *West v. Baking Co.,* 208 N.C. 526, 181 S.E. 551, the plaintiff's intestate, a pedestrian, was struck, knocked down and injured by the car of one defendant and while attempting to rise was struck by the truck of the other defendants. Successive collisions are not involved in *Tillman v. Bellamy, supra,* and in *Bumgardner v. Allison,* 238 N.C. 621, 78 S.E. 2d 752.

While not cited by plaintiff, it seems appropriate to refer to *Hall v. Coble Dairies,* 234 N.C. 206, 67 S.E. 2d 63, where a judgment sustaining the defendants' demurrer to the complaint was reversed. There, the complaint alleged that, as a result of a collision proximately caus-

ed by the defendants' negligence, the plaintiff was "severely shocked and shaken up;" that after getting out of his car, the plaintiff was "still in a dazed and addled condition from shock caused by the collision;" and that, while in said condition, plaintiff was struck and injured by a car operated by an unidentified motorist.

Judge Gambill's order overruling Faggart's demurrer is erroneous and is vacated. Faggart's demurrer should have been sustained on the first ground asserted therein, namely, that the complaint does not allege facts sufficient to constitute a cause of action against him, thereby eliminating the question as to misjoinder of parties and causes of action. The cause is remanded with direction that such order be entered.

It is noted that defendant Futrell and the corporate defendants are not parties to this appeal. This decision does not affect the pendency of the action as between plaintiff and these defendants or their rights and liabilities *inter se*. In this connection, see *Shaw v. Barnard, supra; Jordan v. Maynard, supra; Wetherington v. Motor Co., supra*.

Error and remanded.