S. CARTER WILLIAMS AND WILLIAMS COMMERCIAL INVESTMENT COMPANY v. J. H. GOOCH, LAURA REID GOOCH, D. S. REID, ALLIE GOOCH REID, AND L. C. McKAUGHAN, TRUSTEE.

(Filed 21 March, 1934.)

Pleadings D b—Demurrer for misjoinder of parties and causes should have been sustained in this case.

> Where only two of five defendants are liable on the cause of action alleged for breach of contract and two other defendants are liable on the cause of action alleged in tort, and all the defendants are liable on the cause alleged for wrongful conspiracy, defendant's demurrer for misjoinder of parties and causes should be sustained.

APPEAL by defendants from *Finley, J.,* at September Term, 1933, of YADKIN. Reversed.

This action was heard on defendants' demurrer to the complaint for misjoinder of causes of action and of parties.

From judgment overruling their demurrer, the defendants appealed to the Supreme Court.

*Jones & Brown, F. D. B. Harding, A. T. Grant and Wade Reavis for plaintiffs.*
*W. T. Wilson and Ratcliff, Hudson & Ferrell for defendants.*

PER CURIAM. Three separate, distinct and disconnected causes of action are alleged in the complaint. It does not appear from the complaint that the corporate plaintiff has any interest in either of these

causes of action. Only the individual plaintiff would be entitled to recover on either of the causes of action alleged in the complaint.

On the first cause of action which is for the breach of a contract between the individual plaintiff and two of the defendants, the plaintiff would be entitled to recover of these defendants only. Neither of the other defendants is liable to the plaintiff on this cause of action.

On the second cause of action, which is for a tort committed by two of the defendants, the plaintiff could recover of these defendants only. He could not recover of the other defendants on this cause of action.

On the third cause of action, which is for a wrongful and unlawful conspiracy to cheat and defraud the individual plaintiff, in which all the defendants participated, the plaintiff could recover of all the defendants. This is the only cause of action on which all the defendants are liable to the plaintiff.

The demurrer should have been sustained on the ground that there is a misjoinder of causes of action and of parties. See *Harrison v. Transit Co.,* 192 N. C., 545, 135 S. E., 460. The judgment overruling the demurrer must be

Reversed.