HERBERT C. GRIGGS AND WIFE, COLON B. GRIGGS, v. H. BATTLE GRIGGS AND WIFE, ESSIE S. GRIGGS, AND FRED J. COXE.

(Filed 11 December, 1940.)

**1. Reformation of Instruments § 7—Complaint held sufficient to allege cause of action to reform deed for fraud.**

The complaint alleged fraud and conspiracy on the part of defendants to defraud plaintiffs, that plaintiffs intended to convey to one of defendants certain property, but that defendants, with intent to deceive, and

by means of fraud and trickery, particularly set out, induced plaintiffs to execute deed describing not only the property intended to be conveyed, but also other valuable property, to plaintiffs' deception and damage. *Held:* The complaint sufficiently alleges a cause of action for correction of the deed by striking therefrom the description of the property alleged to have been fraudulently included therein.

**2. Fraud § 9—Complaint held to allege fraud on part of demurring defendant connected with fraudulent conspiracy on part of all defendants.**

The complaint alleged that plaintiffs intended to convey certain property for a stipulated price, the price to be paid in cash or secured by registered lien, that defendant purchaser and defendant attorney, by fraud and artifice procured plaintiffs to execute a deed describing not only the property intended to be conveyed but also other valuable property, and that defendant grantees executed four unsecured notes aggregating the purchase price of the property intended to be conveyed, and that defendant attorney wrongfully retained one of the said notes, and that the acts of defendants were a part of a fraudulent scheme and conspiracy to deprive plaintiffs of the purchase price of the property intended to be conveyed. *Held:* The complaint is sufficient to allege a cause of action for fraud against defendant attorney, and to connect him with the general scheme alleged.

**3. Pleadings § 16a—Complaint held not demurrable for misjoinder of parties and causes.**

The complaint alleged fraud and conspiracy on the part of defendants inducing plaintiffs to sign a deed describing not only the property intended to be conveyed by plaintiffs, but also other valuable property, and that further, pursuant to fraud and conspiracy to deprive plaintiffs of the purchase price of the property intended to be conveyed, which was to be paid in cash or secured by registered lien, defendant grantees executed unsecured notes therefor and defendant attorney wrongfully withheld one of the notes so executed, and prayed for reformation of the deed and for judgment on the notes. *Held:* Defendants' demurrer on the ground of misjoinder of parties and causes of action was properly overruled, since all the matters alleged arose out of the same transaction or transactions connected with the same subject of action. C. S., 507.

**4. Pleadings § 20—**

In passing upon the sufficiency of a pleading as against demurrer, the facts alleged will be taken as true, but only for the purposes of the demurrer.

APPEAL by defendants from *Clement, J.,* at June Term, 1940, of ANSON. Affirmed.

Defendants' demurrer to the complaint was overruled and defendants appealed.

*Barrington T. Hill and Vann & Milliken for plaintiffs, appellees.*
*J. C. Sedberry for defendants, appellants.*

DEVIN, J. The defendants demurred to the complaint on three grounds: (1) That the complaint did not state facts sufficient to con-

stitute a cause of action; (2) that no cause of action was alleged as to defendant Coxe, and that there was a defect of parties defendant; (3) that several causes of action were improperly joined.

Without undertaking to quote the complaint *verbatim,* it may be briefly stated that it contains charges of fraud and conspiracy to defraud on the part of the defendant H. Battle Griggs and the defendant Coxe whereby the plaintiffs were induced to execute a deed to defendant H. Battle Griggs containing description of valuable property not intended to be conveyed; that plaintiffs were by fraud and trickery induced to believe that the deed conveyed only certain lots in Wadesboro of the value of $2,000 (which lots plaintiffs intended to convey for that price), whereas, without their knowledge or consent, the deed so fraudulently caused to be executed included in the description also plaintiffs' interest in certain other properties valued at $15,000, and that this fraudulent scheme was accomplished to plaintiffs' injury by means of artifice and misrepresentations made with intent to deceive. The complaint sets out the manner and means by which this was alleged to have been accomplished.

Plaintiffs further alleged that instead of paying the $2,000 consideration for the conveyance of the two lots intended to be conveyed, or securing same as it had been fraudulently represented would be done, defendant H. Battle Griggs executed four notes of $500.00 each, and that defendant Coxe wrongfully retained one of these $500 notes and refused to deliver it to the plaintiffs, and that the other defendants refused to pay the notes, and that this was all part of a fraudulent scheme and conspiracy to deprive plaintiffs of the property wrongfully included in the conveyance as well as of the price of that intended to be conveyed.

It is apparent that a cause of action for the correction of the deed by striking therefrom the description of the property alleged to have been thus fraudulently included, has been stated, and that the defect and omission in the complaint pointed out in the opinion of this Court in *Griggs v. Griggs,* 213 N. C., 624, 197 S. E., 165, has been supplied by more definite allegations in the present action.

It is also apparent that the allegations of fraud and conspiracy to defraud on the part of defendant Coxe and of the trickery and misrepresentations alleged to have been used by him, together with allegations that, as a part of this fraudulent scheme as alleged, defendant Coxe wrongfully holds one of the $500 notes, are sufficient to bring him within the sphere of action complained of, and to connect him with the general scheme alleged. There was no "defect of parties" occasioned by the inclusion of defendant Coxe as party defendant. *Shuford v. Yarborough,* 197 N. C., 150, 147 S. E., 824.

Nor may the complaint be overthrown on the ground that, in the action for fraud on the part of the defendants in inducing plaintiffs to execute the deed sought to be corrected, there was also a prayer for judgment on the notes executed by H. Battle Griggs. It was alleged that there was a general scheme and conspiracy to obtain plaintiffs' other property and to fraudulently deprive them of the purchase price of the lots intended to be conveyed for cash or upon security. All these matters, according to the allegations of the complaint, arose out of the same transaction or transactions connected with the same subject of action. C. S., 507. The rule is that where the several causes of action set out in the complaint are not entirely distinct and unconnected, and arise out of the same transaction or series of transactions, forming one course of dealing, all tending to a single end, demurrer for misjoinder of parties and causes of action will not lie. *Cotton Mills v. Mfg. Co., ante,* 560; *Daniels v. Duck Island,* 212 N. C., 90, 193 S. E., 7; *Barkley v. Realty Co.,* 211 N. C., 540, 191 S. E., 3; *Leach v. Page,* 211 N. C., 622, 191 S. E., 349; *Trust Co. v. Peirce,* 195 N. C., 717, 143 S. E., 524; *Cotton Mills v. Maslin,* 195 N. C., 12, 141 S. E., 348; *Lee v. Thornton,* 171 N. C., 209, 88 S. E., 232. In the language of *Stacy, C. J.,* in *Trust Co. v. Peirce, supra:* "A connected story is told and a complete picture is painted of a series of transactions, forming one general scheme, and tending to a single end. This saves the pleading from the challenge of the demurrers."

We have considered only the facts alleged by the plaintiffs in their complaint. For the purpose of the demurrer they are deemed admitted. *Ins. Co. v. McCraw,* 215 N. C., 105, 1 S. E. (2d), 369. By answer and proof a different story may be told. But upon these allegations we conclude that the court below properly overruled the demurrer, and that the judgment must be

Affirmed.