**JIM'S TRAILER SALES, Inc., a Missouri Corporation, Plaintiff,**

v.

**Stanley J. SHUTOK, Defendant.**

**Civ. A. No. 11085.**

United States District Court
W. D. Pennsylvania.

June 21, 1957.

Samuel Avins, Pittsburgh, Pa., for plaintiff.

James Fitzgerald, Pittsburgh, Pa., for defendant.

MARSH, District Judge.

In this diversity action the complaint was filed on January 8, 1953; a writ of replevin issued and was served upon the possessor of defendant's house trailer which was subsequently turned over to the plaintiff by the Marshal.

On January 4, 1955, the attorney for the defendant filed an answer on the merits and therein requested the court to permit its filing nunc pro tunc, alleging that defendant was absent from the United States in military service at the time the house trailer was replevied.[1]

---

1. Under Rule 7(b) (1) this request should have been made by motion stating with particularity the facts showing excusable neglect. 2 Moore, Fed.Prac. ¶6.08.

Since the vehicle was purchased by defendant after he entered military service, it was conceded that the Soldiers' and Sailors' Civil Relief Act of 1940, Title 50 U.S.C.A.Appendix § 501 et seq., did not protect him.

No effort was made to enlarge the 20-day period fixed for filing an answer by Rule 12(a), Fed.R.Civ.P., 28 U.S.C., either by testimony, depositions or affidavits pursuant to Rule 6(b)(2). When it appeared at argument that defendant had returned to the United States in August, 1953, and had retained a Pittsburgh attorney to represent him in November, 1953, the court found that there had not been any showing of excusable neglect in order to enlarge the time for filing an answer to January 4, 1955, a period just short of two years, and accordingly refused the request. In September, 1955, the defendant's attorney moved to vacate that order and averred that defendant "is now in position to make the necessary affidavit if required so to do by the Court." Another hearing was held, but since the defendant did not appear to testify, and since no affidavits or depositions were submitted setting forth facts which would excuse the long delay, the court again refused to enlarge the time for filing the answer.

Following trial without a jury on December 6, 1956, judgment of possession was awarded plaintiff, and it and its surety were discharged from liability on the replevin bond. On December 4, 1956, somewhat prematurely, defendant filed a motion for a new trial assigning three specific reasons in support therefor which we take up seriatim:

■ "1. The Court erred in refusing to extend to the Defendant the benefit of Federal Rule 6 providing for the extension of time for filing an answer upon showing reasonable cause therefor."

This ground has no merit; defendant, with ample opportunity to do so, never offered any facts upon which the court could find "excusable neglect" pursuant to Rule 6(b)(2), Fed.R.Civ.P. See Sieb's Hatcheries, Inc., v. Lindley, D.C.W.D. Ark.1952, 13 F.R.D. 113, 120 et seq.; 2 Moore, Fed.Prac. ¶ 6.08.

■ "2. The Court erred in its refusal to require Counsel for the Plaintiff to produce his Warrant of Attorney upon request of Defendant."

On December 12, 1952, plaintiff's attorney made affidavit to the praecipe for writ of replevin with bond that he was the attorney and agent for the plaintiff. Not until after plaintiff closed its case at the trial held November 14, 1956 did defendant's attorney demand the warrant of attorney. No facts were then alleged which tended to show prima facie a want of such authority. No assertion was made to indicate any sincere doubt on the part of defendant's attorney that plaintiff's counsel actually represented plaintiff when the suit was initiated and during its progress. That this demand was made in desperation is evident from its timing. It was suggested that plaintiff corporation had been out of existence since 1953 and consequently a written warrant could not be secured. In view of the long delay, for which defendant was largely responsible, we think plaintiff's counsel was duty bound to continue to prosecute the suit to a conclusion in order to protect the surety on the bond. In the circumstances, the refusal to require the warrant of attorney in the midst of trial, without prior motion or even notice that it would be demanded, was justified on the grounds of laches and a failure prima facie to show that counsel appearing for plaintiff was an interloper.

■ "3. The Court erred in refusing the Defendant permission to call a witness and offer proof in support of certain facts essential to his defense."

In the absence of an answer, defendant was not entitled to call any witnesses on the merits.

An order will be entered refusing a new trial.