J. F. BOLES, SR., and wife, ETTA BOLES; J. F. BOLES, JR., and wife, MILDRED BOLES; REUBEN T. BOLES and wife, ODRIE BOLES; SPENCER O. BOLES and wife, NELLIE BOLES; GLENN D. BOLES and wife, EVELYN BOLES; J. CLINT DAVIS and wife, JENCIE DAVIS; and FRANCIS P. KINNEY and wife, FRANCES E. KINNEY, v. W. E. GRAHAM; W. E. GRAHAM, JR.; JOHN H. GRAHAM; LEWIS S. GRAHAM; and S. PAGE GRAHAM, t/a W. E. GRAHAM & SONS.

(Filed 29 October, 1958.)

**Appeal and Error § 3—**

When, pending hearing upon demurrer for misjoinder of parties and causes, some of plaintiffs take a voluntary nonsuit obviating the grounds of that demurrer, the overruling of a demurrer thereafter filed for failure of the complaint to state a cause of action is not reviewable except by writ of *certiorari.* Rule of Practice in the Supreme Court No. 4(a).

PARKER, J., not sitting.

APPEAL by defendants from *Johnston, J.,* Out of Term, July 29, 1958, FORSYTH Superior Court.

Civil action instituted by the plaintiffs in which they seek to restrain the defendants from operating a quarry upon the alleged ground that it constituted a continuing trespass and nuisance. The defendants filed a demurrer upon the ground of misjoinder of parties and causes of action. Pending the hearing on the demurrer, the plaintiffs, except Reuben T. Boles and Odrie Boles, took voluntary nonsuits. The defendants filed a second demurrer upon the ground the complaint failed to state a cause of action and, at the same time, moved that the plaintiffs be ordered to make the complaint more definite and certain. The second demurrer and motion were overruled. The defendants excepted and appealed.

*Womble, Carlyle, Sandridge & Rice, Wade M. Gallant, Jr., for defendants, appellants.*

*No counsel contra.*

PER CURIAM. The nonsuit removed the defendants' objections raised by the first demurrer. They have abandoned their assignment of error based on the refusal of the court to require the plaintiffs to make their complaint more definite. They now present for review only that part of the court's order overruling the second demurrer interposed in the superior court upon the ground the complaint failed to state a cause of action.

Appeal does not lie from an order overruling a demurrer in any case except where it is interposed as a matter of right for misjoinder of parties and causes. Prior to trial on the merits, an order overruling a demurrer for failure to state a cause of action can be reviewed only

by writ of *certiorari.* Rule 4(a), Rules of Practice in the Supreme Court, 242 N.C. 766. The defendants are here prematurely.

Appeal Dismissed.

PARKER, J., not sitting.