Goldie B. PRASHKER, Executrix of the Estate of Nathan Prashker, Deceased, and Choice Embroidery & Laces, Inc., Plaintiffs,

v.

BEECH AIRCRAFT CORPORATION and Atlantic Aviation Corporation, Defendants.

Civ. A. No. 1648.

United States District Court
D. Delaware.

June 11, 1959.

See also 24 F.R.D. 305.

Harold Leshem, Wilmington, Del., and Lee S. Kreindler and Milton G. Sincoff, New York City, for plaintiffs.

E. N. Carpenter, II, and William E. Wiggin (Richards, Layton & Finger), Wilmington, Del., for defendant, Beech Aircraft Corporation.

RODNEY, District Judge.

This case was tried to a Jury and resulted in a verdict for the defendant. On appeal the judgment was affirmed, 3 Cir., 258 F.2d 602. Certiorari was denied, 358 U.S. 910, 79 S.Ct. 236, 3 L.Ed.2d 230.

A bill of costs was presented by the defendant, Beech, to the Clerk amounting to $31,622.74. Briefs were filed before the Clerk, and on March 6, 1959, the Clerk allowed as costs the sum of $2,342.-90, including an item of $724 as witness fees.

On March 11, 1959, and within the five days provided by Rule 54(d), F.R.Civ.P. 28 U.S.C., the defendant sought a review of the disallowance by the Clerk of the

major part of the costs claimed by such defendant. No review of the action of the Clerk in the allowance of the witness fees was sought by the plaintiff within the period fixed by the Rule. On May 1, 1959 (some fifty-five days after the fixation of costs by the Clerk), the plaintiff moved for permission to seek review of the allowance of costs for witness fees. The motion was filed pursuant to Rule 6 (b) (2) contending that the failure to act within the time fixed by the Rule 54(d) was the result of "excusable neglect".

The contention of "excusable neglect" arose from these circumstances. The original plaintiffs were "Goldie B. Prashker, Executrix of the Estate of Nathan Prashker, deceased" and a corporation. While counsel for the plaintiff filed a brief before the Clerk against the allowance of witness fees, he says by affidavit that he sought no review of the action of the Clerk because he knew that neither the Estate of Nathan Prashker nor the corporate plaintiff had any assets available for the payment of costs. Some time after the ascertainment of the costs by the Clerk, counsel for the plaintiff received information that the defendant would seek to recover the costs from the Executrix in her personal capacity and this after-acquired information is relied upon as "excusable neglect" in failing to seek seasonable review of the Clerk's action.

█ I do not think the motion of the plaintiff should be granted. There can be no question that the observance of the limitations of time in many of the Rules should be accorded a very liberal construction to insure a just result. For this very purpose Rule 6(b) allows an extension before the time has expired and allows a remedy after the time has elapsed when the failure to act was the result of "excusable neglect".

█ The action of the Clerk in this case concerned the propriety of certain allowances and the amount thereof. He was not concerned at all as to who would pay the costs. Counsel for the plaintiff knew of the allowances and of the amount. He did not fail to seek a review by reason of any neglect, excusable or otherwise. He affirmatively determined not to seek a review because he thought the amount could not be collected. The failure to seek a review was not neglect but intentional. I do not have before me any possible action of the defendant in seeking the collection of the costs. I am of the opinion that the subsequently discovered fact that the defendant may seek to recover the costs from someone not contemplated by the plaintiff cannot constitute "excusable neglect" to seek a review of the Clerk's allowance. It would be somewhat analogous to the later discovery of an unforeseen asset of the Estate whereby the Estate might be then answerable for the costs where before it would not have been so answerable.

The motion of the plaintiff for review of the Clerk's actions in allowing the witness fees must be denied and an appropriate order may be submitted.