UNITED STATES of America for the Use and Benefit of Mardrid DAVISON, Charlotte Schaeffer, and Ellen Myers, co-partners, d/b/a John Iverson Company, Plaintiff,

v.

YORK ELECTRIC CONSTRUCTION COMPANY, Inc., Mountain States Construction Co., and the American Surety Co. of New York, Defendants.

UNITED STATES of America for the Use and Benefit of The CLEVELAND SWITCHBOARD CO., Plaintiff,

v.

YORK ELECTRIC CONSTRUCTION COMPANY, Inc., et al., Defendants.

UNITED STATES of America for the Use and Benefit of GENERAL ELECTRIC SUPPLY COMPANY, a Division of General Electric Company, a New York Corporation, Plaintiff,

v.

MOUNTAIN STATES CONSTRUCTION COMPANY, a Colorado Corporation, et al., Defendants.

Civ. Nos. 249, 284, 287.

United States District Court
D. North Dakota,
Northwestern Division.

June 14, 1960.

See, also, 184 F.Supp. 520.

McGee, Van Sickle & Hankla, Minot, N. D., for plaintiff in No. 249.

Jonathan C. Eaton, Jr., Minot, N. D., for plaintiff in No. 284.

Bosard, McCutcheon & Coyne, Minot, N. D., and Blackmar, Swanson, Midgley, Jones & Eager, Kansas City, Mo., for plaintiff in No. 287.

Palda, Palda, Peterson & Anderson, Minot, N. D., for defendants Mountain States Construction Co. and American Surety Co.

Ilvedson, Pringle, Herigstad & Meschke, Minot, N. D., for defendant York Electrical Const. Co., Inc.

REGISTER, Chief Judge.

These Miller Act, 40 U.S.C.A. §§ 270a–270d, cases are here before the Court on defendant York Electric Construction Company, Inc., motion for allowance to file Answer and Cross-complaint in each thereof. The issues are identical, insofar as said motions are concerned. The parties defendant, being York Electric, American Surety, and Mountain States Construction, are identical in all cases; the briefs filed in support of and in opposition to said motions are identical in all cases; and the pleadings submitted by York Electric along with said motions are identical, except for certain sums and dates, in all cases.

By its motions in these cases, York Electric seeks to file answers and cross-complaints long after the time for filing on the ground of excusable neglect. A review of the pertinent filing dates reveals the following:

Civil 249—
    Complaint filed July 28, 1959.
    Service made on York Electric on August 6, 1959.
    York sought counsel on January 28, 1960.
    Motions filed on March 23, 1960.

Civil 284—
    Complaint filed December 2, 1959.
    Service made on York Electric on December 9, 1959.
    York sought counsel on January 28, 1960.
    Motion filed on March 23, 1960.

Civil 287—
    Complaint filed December 10, 1959.
    Service made on York Electric on December 30, 1959.
    York sought counsel on January 28, 1960.
    Motion filed on March 23, 1960.

Rule 6(b) of the F.R.Civ.P. 28 U.S.C.A., provides that " * * * the court for cause shown may * * * in its discretion * * * permit the act (filing of answer, etc.) to be done where the failure to act was the result of excusable neglect * * *." The law is well established that a filing may be allowed, even after default, where the court finds *excusable* neglect. Therefore, it is apparent that the within motions are addressed to the sound judicial discretion of this court. It is incumbent upon the moving party, York Electric, to establish such excusable neglect. This it has attempted to do in its affidavit in support of the motions. See: Jim's Trailer Sales, Inc. v. Shutok, D.C., 153 F.Supp. 274. Excusable neglect is generally understood to be that course of action taken by a reasonably prudent person under the same or similar circumstances. Further definitions and annotations of that term are found in 15A Words and Phrases, p. 224.

Movant's motion is based upon the affidavit of Mr. Quentin York, its president. An analysis of the motion itself, and of this affidavit, discloses that, in essence, movant's claim or contention of excusable neglect is based upon three propositions. They are as follows:

1. Defendant, at the time of service of the summons and complaint in each of these actions, and for some months thereafter, had no legal counsel in regard to these matters;

2. Upon reading the summons and complaint in each of these actions, Mr. York, as president of the moving party

here, was of the opinion (or "assumed", as expressed by counsel in his brief, p. 2) that movant company was joined as a defendant only for purposes of showing the connection between the other parties, and that movant was not involved as far as any real interest in the matters was concerned, and that a judgment for or against any or all of the parties involved would not actually affect movant, and that therefore he (Mr. York) did nothing because he did not know there was any reason or need to do so; and

3. That even after counsel was first contacted, nothing further could be done until after the accumulation of all necessary information for preparation of the answer and cross-complaint.

Do any or all of such assertions establish "excusable neglect" as contemplated under Rule 6(b)? The court is of the opinion that this query must be answered in the negative.

■ We must bear in mind that we are not here dealing with an illiterate or uninformed, ignorant individual, unaccustomed to substantial business transactions. It seems incredible that any reasonably prudent person under the circumstances here existing would not have promptly, after being served in each of these actions, consulted competent counsel. The short answer to 1. above is that legal counsel should have been retained promptly, and that a reasonably prudent person would have taken such action under the same or similar circumstances.

■ The assertions of Mr. York referred to in proposition 2. above are likewise incredible. The summons is in the usual form, clearly and specifically stating that if the defendant therein named fails to serve an answer to the complaint within twenty days after service, " * * * judgment by default will be taken * * * for the relief demanded in the complaint." The summons is specifically directed to movant.

The complaint is not involved, and is clear, specific and readily understandable.

Included therein are the allegations that the use plaintiff, at the special instance and request of the movant, furnished labor and materials on the project involved, in a specific amount; that the defendants (including, by name, movant) failed and neglected to pay to the use plaintiff a certain portion thereof, leaving a specific sum as balance due; that notice was duly given to defendants, and that defendants (including, specifically, movant) failed and neglected to pay the same; that due demand has been made upon each defendant therefor, but the same has not been paid; and therefore, the use plaintiff demands judgment against the defendants for such sum, with costs of the action.

Certainly a reading of the pleadings discloses that there is and can be no reasonable basis for such an "opinion" or "assumption" as expressed by Mr. York in his affidavit, or by counsel, in movant's brief. In fact, it is directly contrary thereto.

■ Insofar as proposition 3. above is concerned, the record and files disclose that no effort was made, or action taken, for the purpose of securing an extension of time within which to interpose an answer, as provided by the Rules—even after counsel was retained, on January 28, 1960.

In the opinion of this Court, the facts as alleged and stated as the basis for these motions establish on the part of movant a complete disregard of the requirement of the summons—an "opinion" or "assumption" on the part of movant directly contrary to the specific and clear allegations of the complaint, and a complete disregard and lack of attention to the prayer for relief. Certainly movant has wholly failed to establish any basis in fact upon which the Court could find "excusable neglect" upon which to grant its motions. Movant's course of action was not. that of a reasonably prudent person under the same or similar circumstances.

It might be well to recall that Civil No. 249 was on the calendar of this Court at the regular term commencing in October, 1959; that prior thereto a pretrial conference was held; that following such conference and Order (which incorporated therein certain stipulated facts), the case was submitted for determination upon briefs, on the merits, and that at the time of the filing of the motions herein, the Court had given considerable consideration to the same.

For the reasons hereinbefore stated, it is hereby

Ordered that the Motion for Permission to File Answer and Cross-Complaint, filed by The York Electric Construction Company, Inc., in each of Civil Actions 249, 284 and 287 be, and the same hereby is, in all things, denied.