BRENDA GUINN, BY HER NEXT FRIEND, FRED GUINN v. CLAUDE LAFAYETTE KINCAID, MARSHALL L. KINCAID AND BILLY JOE SINGLETON.

(Filed 19 October, 1960.)

Appeal and Error § 3—

An order overruling a demurrer for failure of the complaint to state a cause of action is not immediately appealable and may be reviewed prior to trial only by writ of *certiorari*. Rules of Practice in the Supreme Court 4(a).

APPEAL by defendants from *Nettles, Emergency Judge*, June Regular Civil Term, 1960, of BURKE.

GUINN *v.* KINCAID.

This is a civil action to recover damages for personal injuries allegedly sustained by the plaintiff while *en ventre sa mere,* as the result of a collision between the car owned and operated by the defendant Billy Joe Singleton and a car being driven by the defendant Claude Lafayette Kincaid, on 9 June 1959. At the time of the accident, Louella Guinn, mother of the plaintiff, was riding as a guest passenger in the automobile driven by the defendant Singleton and was violently thrown against the dashboard and windshield of the Singleton car with such force and impact that the plaintiff was seriously and permanently injured.

Each of the defendants filed a demurrer to the complaint on the ground that the complaint does not state facts sufficient to constitute a cause of action for damages for personal injuries, for that: (1) It appears from the complaint that the minor plaintiff on 9 June 1959, the date of the alleged negligent injury giving rise to the cause of action, was *en ventre sa mere* and was not born until 10 June 1959, the day following the date of the alleged accident and resultant injuries giving rise to this cause of action. (2) That the minor plaintiff has no legal capacity to maintain this action since she was not born until 10 June 1959.

The court below overruled these demurrers. The defendants excepted and appealed.

*Byrd & Byrd for plaintiff.*

*James C. Smathers for defendant Singleton; Patton & Ervin for defendants Kincaid.*

PER CURIAM.  In the case of *Boles v. Graham,* 249 N.C. 131, 105 S.E. 2d 296, this Court said: "Appeal does not lie from an order overruling a demurrer in any case except where it is interposed as a matter of right for misjoinder of parties and causes. Prior to trial on the merits, an order overruling a demurrer for failure to state a cause of action can be reviewed only by writ of *certiorari.* Rule 4(a), Rules of Practice in the Supreme Court, 242 N.C. 766. The defendants are here prematurely."

This appeal is likewise premature.

Appeal dismissed.