CHARLES H. JENKINS & COMPANY, INC. v. THOMAS H. LEWIS.

(Filed 20 March 1963.)

**1. Appeal and Error § 3—**

An order overruling a demurrer is not immediately reviewable except by *certiorari*, and a purported appeal therefrom will be dismissed as premature. Rule of Practice in the Supreme Court No. 4(a).

**2. Same—**

Where plaintiff's motion to strike is addressed to an entire defense set up in the answer, it amounts to a demurrer to such defense, and an appeal will lie from the order allowing the motion to strike.

**3. Army and Navy—**

50 U.S.C.A. 531(1) does not apply to a chattel mortgage executed by a serviceman after he has been inducted into the service.

APPEAL by defendant from *Cowper, J.,* November 1962 Term of BERTIE.

The hearing below was on plaintiff's motion to strike portions of defendant's amended answer, including all of the further answer and defense, and on defendant's demurrer to the complaint.

The action was instituted July 10, 1962, to recover a deficiency judgment in the amount of $477.79 with interest thereon from February 8, 1961.

Plaintiff alleges it sold and delivered to defendant on May 18, 1960, under conditional sales contract, a described 1959 Ford; that defendant agreed to pay as part purchase price therefor the sum of $1,950.72 in twenty-four installments of $81.28 beginning June 18, 1960; that, on account of defendant's failure to pay as provided, the car was repossessed, advertised for sale and sold; and that, after crediting the proceeds derived from said foreclosure, there remains unpaid and due plaintiff the balance for which this action is brought.

According to copy attached to and made a part of the complaint, the conditional sales contract executed by defendant provided for the payment of said installments to Marsh Chevrolet Co., Inc., Aulander, N.C., for acceleration of maturity upon default in the payment of any installment, and for repossession, foreclosure and application of proceeds of sale. Under the heading, "PURCHASER'S STATEMENT," defendant, there designated "Sgt. T. H. Lewis," "(f)or the purpose of obtaining credit and the purchase of a motor vehicle from Marsh Chevrolet Co., Inc.," made certain representations, including the following: He is and had been for seventeen years a member of the U. S. Marine Corps. His income is $510.00 per month. He had previously purchased a car on time from a dealer in Rich Square and had paid

therefor in full. The name of Atlantic Discount, Ahoskie, N. C., is given as a reference. There appears on said copy of said conditional sales contract the following endorsement: "Transferred without recourse to Chas. H. Jenkins & Company, Inc. Marsh Chevrolet Co. By: Wayland L. Jenkins, Jr."

In the amended answer, "it is admitted that while a service man and while in the Marine Corps, the defendant did make a purchase and contract with the plaintiff." As to plaintiff's allegations with reference to repossession, advertisement, sale and application of proceeds, defendant asserts he "has no personal knowledge of the matters . . . and therefore denies same except as herein stated." Defendant alleges plaintiff, "without notice to or knowledge of the defendant and without consent or authority from the defendant and while the defendant was overseas by assignment of the U. S. Marine Corps, did take possession of an automobile belonging to the defendant and did attempt to dispose of same."

In the allegations to which plaintiff's motion to strike is directed and also as ground for demurrer, defendant asserts the repossession of said car by plaintiff was in violation of the Soldiers' and Sailors' Civil Relief Act. The court allowed plaintiff's said motion to strike and overruled defendant's demurrer. Defendant excepted to each of these rulings and appealed.

*Pritchett & Cooke for plaintiff appellee.*

*Robert L. Harrell, James R. Walker, Jr., and Samuel S. Mitchell for defendant appellant.*

BOBBITT, J.　The order overruling defendant's demurrer for failure to state a cause of action was subject to immediate review only by writ of *certiorari.* The purported appeal therefrom is premature. Rule 4(a), Rules of Practice in the Supreme Court, 254 N.C. 783, 785; *Guinn v. Kincaid,* 253 N.C. 228, 116 S.E. 2d 380. However, the question presented by defendant's demurrer is also presented by plaintiff's motion to strike.

Plaintiff's motion to strike, although directed in part to designated allegations in the answer proper, is addressed to defendant's further answer and defense *in its entirety.* The sole ground of the motion is that the facts alleged by defendant do not constitute a legal defense to plaintiff's action. In substance, if not in form, plaintiff's motion (primarily) is a demurrer to defendant's further answer and defense. The court, in allowing plaintiff's motion to strike, in effect sustained a demurrer to defendant's alleged further answer and defense.

*Williams v. Hunter,* 257 N.C. 754, 127 S.E. 2d 546; *Mercer v. Hilliard,* 249 N.C. 725, 107 S.E. 2d 554, and cases cited.

In the consideration of plaintiff's motion to strike, the facts alleged by defendant are deemed admitted. In substance, these facts are that the Ford car was not repossessed "by action in a court of competent jurisdiction"; and that, when the Ford car was repossessed, defendant was a member of the U. S. Marine Corps on overseas assignment and that such repossession was without his knowledge or consent.

The amended answer contains no denial of plaintiff's allegations that defendant executed the conditional sales contract (as per copy attached to the complaint) on which this action is based. Defendant alleges he was "in the Marine Corps" when he made "a purchase and contract with the plaintiff."

The statutory provision on which defendant bases his further answer and defense, codified as § 531(1), 50 U.S.C.A. Appendix, provides: "(1) No person who has received, or whose assignor has received, under a contract for the purchase of real or personal property, or of lease or bailment with a view to purchase of such property, a deposit or installment of the purchase price, or a deposit or installment under the contract, lease, or bailment, from a person or from the assignor of a person *who, after the date of payment of such deposit or installment, has entered military service,* shall exercise any right or option under such contract to rescind or terminate the contract or resume possession of the property for nonpayment of any installment thereunder due or for any other breach of the terms thereof occurring prior to or during the period of such military service, except by action in a court of competent jurisdiction." (Our italics)

The quoted code provision is Section 301(1) of the Soldiers' and Sailors' Civil Relief Act of 1940, 54 Stat. 1178, 1182, (hereafter referred to as the Act) as amended by the Soldiers' and Sailors' Civil Relief Act Amendments of 1942, 56 Stat. 769, 771. Originally, the section read: "No person who *prior to the date of approval of this Act* has received, or whose assignor has received," etc. (Our italics) It was amended in 1942 by striking out the words: "prior to the date of approval of this Act."

Prior to the 1942 Amendment, it was held the Act "was intended to protect those, in the armed service of our country, who were obligated when the Act was approved and all those who were so obligated when the Act was approved and thereafter entered the said service of their country." *Commercial Credit Corporation v. Brown* (Tex. Civ. App.), 166 S.W. 2d 153, where Brown, J., adds: "We do not believe that it was ever intended to assist any man who obligated himself *after the*

*Act became effective,* whether he were *then* in the service, or *there-after inducted* into the armed forces of our country." (Our italics)

It would seem that, by reason of the 1942 Amendment, Section 301(1) of the Act is now applicable to those who become obligated *after* "the date of approval" of the Act but *before* entry into military service. This view finds support in other provisions of the Act.

Section 302(1) of the Act as amended in 1942 is now codified as § 532(1), 50 U.S.C.A. Appendix. Originally, Section 302(1) read: "The provisions of this section shall apply only to obligations *originating prior to the date of approval of this Act and* secured by mortgage, trust deed, or other security in the nature of a mortgage upon real or personal property owned by a person in military service at the commencement of the period of military service and still so owned by him." (Our italics) This was amended in 1942 by striking out the words "originating prior to the date of approval of this Act and," and by inserting after the word "him" the following: "which obligations originated prior to such person's period of military service."

Section 107 of the Act as amended in 1942 is now codified as § 517, 50 U.S.C.A. Appendix. In part it provides: "Nothing contained in this Act shall prevent . . . (b) the repossession, retention, foreclosure, sale, forfeiture, or taking possession of property which is security for any obligation or which has been purchased or received under a contract, lease or bailment, pursuant to a written agreement of the parties thereto (including the person in military service concerned, or the person to whom section 106 is applicable, whether or not such person is a party to the obligation) or their assignees, *executed during or after the period of military service of the person concerned* or during the period specified in section 106." (Our italics)

In *Jim's Trailer Sales v. Shutok* (D.C. Pa.), 153 F. Supp. 274, the plaintiff's action was for repossession of a house trailer. In the opinion of Marsh, District Judge, this statement appears: "Since the vehicle was purchased by defendant after he entered military service, it was conceded that the Soldiers' and Sailors' Civil Relief Act of 1940, Title 50 U.S.C.A. Appendix § 501 et seq., did not protect him."

In *Twitchell v. Home Owners' Loan Corporation* (Ariz.), 122 P. 2d 210, Lockwood, C.J., referring to the Act, said: "It was meant to protect the interests of those who were called to the defense of their country and who for that reason, were unable to keep up the payments *upon obligations which they had incurred previous to their being called into service.*" (Our italics)

In *S & C Motors v. Carden* (Ark.), 264 S.W. 2d 627, cited by defendant, the plaintiff's action was for repossession of an automobile on

which it held a conditional sales contract executed by the defendant. The defendant made one installment payment and *thereafter* entered the U. S. military service. While in military service, a new agreement providing for smaller monthly payments was entered into between the defendant and the plaintiff, but the defendant failed to make payments in accordance with the new schedule. The significant fact is that the defendant's obligation in its entirety originated before he entered military service.

Being of opinion that § 531, 50 U.S.C.A. Appendix, does not apply where a person then in the military service purchases an automobile and executes a conditional sales contract as security for payment of part of the purchase price, the orders (1) allowing plaintiff's motion to strike, and (2) overruling defendant's demurrer to the complaint, are affirmed.

Affirmed.