NEVA McEACHERN, ADMINISTRATRIX OF THE ESTATE OF OSCAR McEACHERN, DECEASED, v. DR. W. H. MILLER, JASPER JONES AND WAYNE MEMORIAL HOSPITAL, INCORPORATED OF WAYNE COUNTY, NORTH CAROLINA.

(Filed 30 November, 1966.)

**1. Pleadings § 18—**

If the complaint fails to state a cause of action against one of defendants, the joinder of such defendant cannot constitute a misjoinder; if the complaint does state a cause of action against such defendant, a voluntary nonsuit as to such defendant prior to the hearing of the demurrer eliminates such defendant and obviates misjoinder.

**2. Negligence § 7;     Torts § 2—**

There may be two or more proximate causes of injury, and if two persons commit separate acts which join and concur in producing the result complained of, the author of each act is liable for the damage inflicted, and the injured party may bring action against either one or both.

**3. Same;     Death § 3;     Hospitals § 3;     Physicians and Surgeons § 11—**

Plaintiff alleged that her intestate, seriously wounded, was taken to a hospital and became the patient of a staff physician; that the physician, though he knew or should have known of intestate's serious condition,

failed to administer any treatment; that the hospital, knowing of the physician's failure, failed to provide treatment; and that proper treatment would have saved intestate's life. *Held:* The complaint liberally construed alleges a single cause of action for wrongful death based upon the concurring negligence of the physician and the hospital, and demurrer for misjoinder of parties and causes of action must be overruled.

APPEAL by plaintiff from *Bundy, J.,* May 2, 1966 Session, WAYNE Superior Court.

The plaintiff, Neva McEachern, Administratrix of the Estate of Oscar McEachern, instituted this wrongful death action against Jasper Jones, Dr. W. H. Miller, and Wayne County Memorial Hospital, Inc. As against the defendant Jones, the plaintiff alleged her intestate, on August 3, 1963, was injured by defendant Jones' intentional and unprovoked discharge of a firearm into the abdominal region of the body of plaintiff's intestate. The plaintiff further alleged that shortly after the gunshot wound, her intestate was taken to the Wayne County Memorial Hospital where he became the patient of the hospital and of its staff physician, the defendant, Dr. W. H. Miller.

In paragraphs VI and VII, the plaintiff alleged:

"VI. That after plaintiff's intestate was hospitalized, as mentioned in preceding paragraphs, and after defendant Miller had formed the relationship of physician and patient with him, defendant Miller, with notice of the seriousness of the injuries of plaintiff's intestate, neglected to administer to the injuries of plaintiff's intestate or to ascertain by even the most superficial examination of the body of plaintiff's intestate the treatment to be accorded to plaintiff's intestate; that defendant Miller neglected to examine or to see plaintiff's intestate for many hours after his admittance into the defendant's hospital although he knew or should have known of the seriousness of the condition of plaintiff's intestate; that defendant corporation, through its agent and employee, knew of the seriousness of plaintiff's intestate's physical condition and of defendant Miller's neglect but took no steps or measures to see that he was properly administered to other than to admit him to the hospital; that defendant corporation did not provide the most minimal emergency treatment for plaintiff's intestate, although defendant corporation, as well as defendant Miller, knew plaintiff's intestate had suffered injury by a gunshot wound in the abdomen.
"VII. That the direct and proximate cause of the death of plaintiff's intestate was the concurring negligence of defendant's corporation and defendant Miller as follows:

(a)　The negligence and carelessness of defendant Miller in not seeing and examining plaintiff's intestate during which time treatment could have been prescribed or devised which would have saved the life of plaintiff's intestate.

(b)　The negligence and carelessness of defendant corporation, through its agents and employees, in not providing medical attention for plaintiff's intestate with full knowledge and notice of his physical condition and injuries and with full knowledge and notice of his neglect by defendant Miller.

(c)　The concurring negligence of defendants Miller and defendant corporation, by which negligence plaintiff's intestate did not receive medical attention which would have preserved his life."

On September .20, 1965, the defendants Wayne Memorial Hospital, Inc., and Dr. W. H. Miller filed separate demurrers upon the ground of misjoinder of parties and causes. On October 13, 1965, the defendant Jones filed a similar demurrer. On May 2, 1965, the plaintiff, through her attorneys of record, took a voluntary nonsuit as to the defendant Jasper Jones.

After the nonsuit as to Jones, Judge Bundy sustained the demurrers upon the ground of misjoinder of parties and causes and dismissed the action. The plaintiff excepted and appealed.

*Mitchell & Murphy, Earl Whitted, Jr., for plaintiff appellant.*

*Smith, Leach, Anderson & Dorsett for defendant W. H. Miller, M.D., appellee.*

*Dupree, Weaver, Horton, Cockman & Alvis by Jerry S. Alvis for defendant Wayne County Memorial Hospital, Inc., appellee.*

HIGGINS, J.　The plaintiff instituted this wrongful death action against Jasper Jones, Dr. W. H. Miller, and Wayne Memorial Hospital, Inc. The complaint alleged: that about noon on August 3, 1963, Jones unlawfully and without provocation discharged "a firearm into the abdominal region of intestate's body . . ." Immediately thereafter, the intestate was taken to, and became a patient of, Wayne Memorial Hospital and of Dr. W. H. Miller, a staff physician of the Hospital. Both assumed the duties and responsibilities of providing medical treatment for the injuries. Dr. Miller failed to administer any treatment and the hospital, knowing of Dr. Miller's failure, also failed to provide treatment; that proper treatment would have saved intestate's life. The detailed allegations are set forth in paragraphs VI and VII quoted in the statement of facts.

The defendants filed separate demurrers upon the ground of misjoinder of parties and causes. The plaintiff, having alleged the wrongful death of her intestate resulted from the failure of Dr. Miller and the Hospital to provide proper medical treatment, which, if given, would have saved intestate's life, it is doubtful whether the plaintiff stated a cause of action for wrongful death against Jones. The rule of liberal construction does not permit the Court to write into a complaint facts which it does not allege. *Johnson v. Johnson,* 259 N.C. 430, 130 S.E. 2d 876. Unless a cause of action is alleged against Jones, having him in the case would not be a misjoinder. If there is no case stated, there is no misjoinder. *Batts v. Faggart,* 260 N.C. 641, 133 S.E. 2d 504. However, before the hearing on the demurrer, the plaintiff took a voluntary nonsuit as to Jones. "The nonsuit removed the defendant's objection raised by the first demurrer." *Boles v. Graham,* 249 N.C. 131, 105 S.E. 2d 296.

The nonsuit as to Jones eliminated the main thrust of the first demurrer. However, in this Court Dr. Miller and the Hospital filed demurrers *ore tenus* upon the ground that there is still a misjoinder of parties and causes.

We think the complaint, when liberally construed, alleges a single cause of action based on the joint and concurrent negligence of both Dr. Miller and the Hospital in that both failed to provide medical treatment to an injured man who had a right to expect proper medical attention from both. The rule is stated by Barnhill, J., later C.J., in *Bost v. Metcalfe,* 219 N.C. 607, 14 S.E. 2d 648: "The well established and familiar rule that a plaintiff may consistently and properly join as defendants in one complaint several joint tort-feasors applies where different persons, by related and concurring acts, have united in producing a single or common result upon which the action is based. 9 A.L.R. 942; Anno. 35 A.L.R. 410."

"There may be two or more proximate causes of an injury. These may originate from separate and distinct sources or agencies operating independently of each other, yet if they join and concur in producing the result complained of, the author of each cause would be liable for the damages inflicted, and action may be brought against any one or all as joint tort-feasors." *Batts v. Faggart, supra; Riddle v. Artis,* 243 N.C. 668, 670, 91 S.E. 2d 894.

This action is for wrongful death, for which there may be only one recovery. Plaintiff alleged her intestate's death resulted from the joint and concurrent negligence of the hospital where he was duly admitted as a patient and of the hospital staff doctor who accepted responsibility for examination and treatment. The plaintiff further alleged that proper treatment which was due him would have saved his life; the lack of it caused his death. "If the facts

alleged are sufficient to warrant recoveries against each defendant for wrong done only by that defendant, there is a misjoinder of parties and causes. *Williams v. Gooch*, 206 N.C. 330, 173 S.E. 342; *Lucas v. Bank*, 206 N.C. 909, 174 S.E. 301. In that event the demurrer should be sustained. If, however, the facts alleged show a joint invasion of plaintiff's rights warranting a judgment against defendants jointly, there is no misjoinder." *Nye v. Oil Co.*, 257 N.C. 477, 126 S.E. 2d 48.

In the case before us one cause of action (for wrongful death) is alleged and one recovery is permissible. Hence this case as to the Doctor and the Hospital falls in the "no misjoinder" category. This conclusion requires us to overrule the demurrers *ore tenus* filed here and to reverse the judgment sustaining the demurrers entered in the Superior Court of Wayne County.

Reversed.