Lauriat, J.
This is an action brought under a Loan and Payment Agreement and Promissory Note which was entered into between plaintiff University Bank, N.A. (“Bank”) (for which the Federal Deposit Insurance Corporation (“FDIC”) has been substituted as receiver), and defendant Back Bay Restorations Company (“BBRC”), and personally guaranteed by defendant Zena Nemetz (“Nemetz"). BBRC has now moved, pursuant to Mass.R.Civ.P. 6(b)(2), to enlarge the time in which to file an Answer and Counterclaim to the Bank’s Amended Complaint. For the following reasons, BBRC’s motion must be denied.
BACKGROUND
On April 4, 1989, the Bank initiated this action against the defendants to recover amounts due under a Loan and Payment Agreement and Promissory Note. The parties thereafter entered into negotiations in an attempt to settle the matter. Certain agreements were reached during negotiations; however, relations once again broke down, and new problems arose. On March 5, 1990, the plaintiff filed an Amended Complaint to add new counts incorporating claims that arose during the negotiations.
On April 5, 1990, BBRC filed for bankruptcy under Chapter 11 of the Bankruptcy Code, which effected an automatic stay of the action against it. 11 U.S.C. §362(a). The Bank continued to press its claims against Nemetz individually, and obtained a default judgment against her on March 11,1991. An Amended Final Judgment against defendant Zena Nemetz as to Counts I and III of the Amended Complaint entered on May 7, 1991. On May 1, 1991, the Bank was granted relief from the automatic stay as to BBRC.
At no time did Nemetz, either individually or on behalf of BBRC, file an Answer or other responsive pleading to either the original Complaint or the Amended Complaint.
On February 9, 1993, the FDIC filed a Motion for Summary Judgment against BBRC as to Counts I and III of the Amended Complaint, and against all defendants as to Count V of the Amended Complaint. The motion raises several substantive grounds for entry of summary judgment, and is opposed by the defendants. Two weeks after the filing of the Summary Judgment motion, BBRC filed this Motion for Leave to File Responsive Pleadings. The FDIC opposes this motion, and asserts that BBRC’s failure to file timely responsive pleadings is fatal to its opposition to summary judgment.
DISCUSSION
A “court for cause shown may at any time in its discretion . . . upon motion made after the expiration date of the specified period permit the act to be done where the failure to act was the result of excusable neglect.” Mass.R.Civ.P. 6(b)(2);
As no default ha[s] been entered... and as there ha[s] been no timely motion under Mass.R.Civ.P. 6(b)(1)... to enlarge the time period set out in Mass.RCiv.P. 12(a)(1) . . . the propriety of the denial of the defendants’ motion for leave to file their answers and counterclaims late must be determined with reference to the standard of “excusable neglect” . . .
Old Colony Bank and Trust Co. of Middlesex County v. Tacey Transport Corp., 10 Mass.App.Ct 825, 825-26 (rescript) (1980). Nemetz, as General Partner of BBRC, asserts that her failure to file responsive pleadings in this case was due to (1) severe emotional distress; (2) a lack of funds with which to employ legal counsel; and (3) plaintiffs failure to prosecute its claims; and that these factors constitute excusable neglect. Upon review of Nemetz’s affidavit attached to the Motion to File Responsive Pleadings, and her supplemental affidavit which has been impounded by the court, the court concludes that the reasons set forth therein do not constitute excusable neglect.
The amount of time that has passed since the commencement of this action is exceptional. The original Complaint was filed over four years ago; the Amended Complaint over three years ago. A month passed after the Amended Complaint was filed before BBRC filed for bankruptcy; two years have passed since the automatic bankruptcy stay was lifted as to BBRC. BBRC has at no time filed a responsive pleading.
The court finds Nemetz’s explanation for the delay unsatisfactory. Nemetz asserts that, beginning in 1986, a federal investigation of the Boston Division of Inspectional Service in which she was involved caused her to suffer fear and anxiety, left her “unable to face [her] problems,” and interfered with her family relations. She also asserts that she was financially unable to hire counsel. While evoking sympathy, these facts, under the circumstances, do not excuse the four-year delay in filing responsive pleadings. See, e.g., United States v. York Elec. Constr. Co., 25 F.R.D. 478 (D. N.D. 1960) (failure to consult counsel combined with other factors not excusable neglect). Although Nemetz claims that she was -unable to file an answer due to emotional distress and lack of funds, the court notes that during that time, she hired an attorney to file for bankruptcy and to institute bankruptcy proceedings against the bank. In October 1990, Nemetz was also represented by counsel in this action on an unsuccessful motion to set aside entry of default against her.
More importantly, there is no allegation that the federal investigation, or any of the emotional trauma it allegedly caused, continued after April 1990. In explaining why she did not file a responsive pleading after April 1990, Nemetz simply asserts that she assumed that the Bank and the FDIC had decided not to pursue the claim against BBRC because judgment had been obtained against Nemetz individually. The duty to file responsive pleadings arises upon service of the complaint. Mass.R.Civ.P. 12(a)(1). Nemetz may not rely upon the Bank’s failure to take further steps after filing the complaint in order to justify her own *4 failure to respond. Old Colony Bank and Tmst, supra at 826 (defendants not entitled to file responsive pleadings late, even though failure to file was allegedly due to reliance on plaintiffs conducting good faith settlement negotiations and implicit representations that case would not be litigated). Furthermore, where Nemetz had made an assumption that the Bank would not pursue its claims, and had “affirmatively determined" not to file responsive pleadings based on that assumption, this is an intentional act which cannot be considered “excusable neglect,” even though the assumption is later found to be erroneous. Prashker v. Beech Aircraft Corp., 24 F.R.D. 315 (D. Del. 1959).
The decision to enlarge time is within the discretion of the trial court. Mass.R.Civ.P. 6(b); Croteau v. Swansea Lounge, Inc., 402 Mass. 419, 422-23 (1988); Lancaster v. Foley, 15 Mass.App.Ct. 967, 968 (1983). Although Rule 6(b)(2) has been held to incorporate the “liberal equity rules of enlarging time where substantial justice will be served," Hoffman v. Kennedy, 30 F.R.D. 50, 51 (E.D. Pa. 1962), the Court finds no such equitable factors present here. The facts presented by Nemetz do not satisfy her burden of demonstrating that her failure to file timely responsive pleadings was due to excusable neglect, and BBRC’s Motion to File Responsive Pleadings must be denied.
No answer having been filed, entry of a default against BBRC would appear to be the next step. Accordingly, the plaintiff shall have thirty days within which to serve and file, pursuant to the procedural requirements of Superior Court Rule 9A, a motion for entry of default against defendant BBRC pursuant to Mass.R.Civ.P. 55(a). The court will take no action on the FDIC’s motion for summary judgment at this time.
ORDER
For the foregoing reasons, the motion of the defendant BBRC to file responsive pleadings is hereby DENIED.
It is furthered ORDERED, that the plaintiff shall have thirty days within which to serve and file, in accordance with Superior Court Rule 9A, a motion for entiy of default against defendant BBRC pursuant to Mass.R.Civ.P. 55(a).